THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JERRY W. KLEISS, Defendant-Appellee.

Third District    No. 79-332

Opinion filed October 29, 1980.

Patrick J. Corcoran, State's Attorney, of Carthage (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The State appeals, pursuant to Supreme Court Rule 604(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 604(a)), from an order of the Circuit Court of Hancock County allowing the defendant's motion in arrest of judgment. It is the State's position that the trial court erred in granting the motion where the complaint admittedly charged an offense and where the trial court allegedly had jurisdiction of the cause. In response the defendant, Jerry W. Kleiss, contends that his motion was properly granted on the basis that the trial court lacked jurisdiction to prosecute him, thus rendering his conviction a nullity.

On October 20, 1978, a criminal complaint signed by a deputy sheriff was filed charging the defendant with theft on October 19, 1978, by exerting unauthorized control over property of another having a value in excess of $150, in violation of section 16—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)(1)). An amended complaint, giving the correct date of the charged offense as September 19, 1978, and signed by the sheriff, was filed on October 23, 1978. The defendant was found guilty of the offense on January 22, 1979, following a jury trial. The trial was conducted on the basis of the amended complaint, no indictment or information having been filed.

On January 31, 1979, the State filed a motion for leave to file an information. The defendant then filed his motion in arrest of judgment, arguing that the trial court lacked jurisdiction since no indictment or information had been filed. Following oral arguments on February 21, 1979, the defendant's motion was granted and this appeal followed.

■■ A motion in arrest of judgment may be granted only when: "(1) The indictment, information or complaint does not charge an offense, or (2) The court is without jurisdiction of the cause." Ill. Rev. Stat. 1979, ch. 38, par. 1162(b).

■■ All other grounds which may serve as the basis for a motion to dismiss a criminal charge must be put forth in a motion filed by the defendant within a reasonable time after his arraignment. Failure to file a timely motion waives all grounds for dismissal except those which may serve as the basis for a motion in arrest of judgment. (See Ill. Rev. Stat. 1979, ch. 38, par. 114—1.) Double jeopardy does not attach when a cause is discharged on a motion in arrest of judgment, since jeopardy claims are waived by the filing of the motion. *People v. Beauchemin* (1979), 71 Ill. App. 3d 102, 389 N.E.2d 580.

The defendant in the present case conceded, and the trial court agreed, that the complaint for theft charged an offense. Thus the sole basis of the defendant's motion is that the trial court lacked jurisdiction.

The defendant rests his jurisdictional argument on the following statutory language:

"(a) All prosecutions of felonies shall be by information or by indictment. * * *

(b) All other prosecutions may be by indictment, information or complaint." Ill. Rev. Stat. 1979, ch. 38, par. 111—2.

The question thus becomes: What is the basis of the court's jurisdiction in a felony case, and did the use of a complaint in the instant case deprive the court of jurisdiction, thus rendering the defendant's conviction a nullity? Jurisdiction of both the offense and of the person of the accused is required to enable a court to try the accused and punish him if convicted. Circuit courts derive their criminal jurisdiction from article VI of the Illinois Constitution and statutory provisions relevant thereto. See Ill. Const. 1970, art. VI; Ill. Rev. Stat. 1979, ch. 38, par. 1—5. See also *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456.

■■■ Jurisdiction over the person of the accused is acquired when that individual appears personally before the court. (*People v. Speight* (1979), 72 Ill. App. 3d 203, 389 N.E.2d 1342.) As a general rule, the personal jurisdiction of the court is not impaired by defects in the manner or form of the charging instrument which brings the accused before the court. Even an illegal arrest is no bar to prosecution if all other elements necessary to give the court jurisdiction to try the accused are present, and a conviction in such a case is unaffected by such unlawful arrest. *People v. Rose* (1961), 22 Ill. 2d 185, 174 N.E.2d 673.

■■ In the instant case it was not the filing of the complaint which conferred jurisdiction upon the court. The defendant's appearance before the court conferred personal jurisdiction, while subject matter jurisdiction was derived from constitutional and statutory provisions. Thus the filing of an information and indictment would likewise not have conferred jurisdiction. For this reason, we determine that any error in prosecuting the defendant upon the complaint rather than upon an information or indictment, as required by statute, was one of form and not substance. Ill. Rev. Stat. 1979, ch. 38, par. 111—2.

Because the error complained of was not jurisdictional, we adhere to the conclusion reached in *People v. Brooks* (1979), 75 Ill. App. 3d 109, 394 N.E.2d 10, that the defendant, by failing to file a timely pretrial motion, has waived any error possibly created by his being prosecuted by way of a complaint. (See Ill. Rev. Stat. 1979, ch. 38, par. 114—1(b).) Accordingly, we reverse the order of the Circuit Court of Hancock County granting the defendant's motion in arrest of judgment, reinstate the defendant's conviction and remand the cause for sentencing.

Reversed. Conviction reinstated and cause remanded for sentencing.

ALLOY, P. J., and STENGEL, J., concur.