THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* SHIRLEY HERNDON, a/k/a Shirley Jackson, Defendant-Appellee.

Fifth District    No. 80-584

Opinion filed March 19, 1982.

WELCH, J., specially concurring.

John Baricevic, State's Attorney, of Belleville (Martin N. Ashley and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

John H. Reid and Susan A. Diehl, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

The State of Illinois appeals from an order of the circuit court of St. Clair County granting the motion of defendant, Shirley Herndon, dismissing the indictment and entering judgment of dismissal as provided by section 114—1(a)(2) of the Code of Criminal Procedure (Ill. Rev. Stat. 1979, ch. 38, par. 114—1(a)(2)). The sole issue raised on appeal is whether the felony prosecution against defendant was barred by the statute of limitations (Ill. Rev. Stat. 1979, ch. 38, par. 3—5(b)).

In a complaint filed on April 25, 1980, it was charged that from June 1976 through June 1977, defendant committed the offense of theft over $150 by deception. The complaint was sworn to and signed by Larry Trent, agent of the Illinois Department of Law Enforcement and signed by an assistant State's Attorney on a line designated "approved."

On July 7, 1980, an indictment was returned by the St. Clair County grand jury charging defendant with the same offense that was charged in the complaint filed in April. On July 25, 1980, defendant was arraigned on the indictment and a public defender was appointed. Defendant moved to dismiss the charge on the grounds that it appeared from the dates alleged in the indictment that the prosecution was not commenced within the three-year period fixed by the statute of limitations (Ill. Rev. Stat. 1979, ch. 38, par. 3—5(b)). After a hearing, the trial court granted defendant's motion and found that the prosecution was commenced by an indictment returned beyond the three-year period of limitations.

The State contends that the filing of the complaint on April 25, 1980, commenced prosecution of the felony theft charge for purposes of the statute of limitations. In this regard, the State first argues that it is the participation of the State's Attorney and not the form of the charging document that constitutes commencement of the prosecution, citing *People v. Robins* (1975), 33 Ill. App. 3d 634, 338 N.E.2d 222, *People v. Kleiss* (1980), 90 Ill. App. 3d 53, 412 N.E.2d 39, and *People v. Woollums* (1978), 63 Ill. App. 3d 602, 379 N.E.2d 1385. We have examined these cases and find that they do not support the State's argument. The issue raised in *Robins* was whether a misdemeanor prosecution was properly commenced by complaint within the 18-month period of limitations. The critical distinction between *Robins* and the instant case is that here, the complaint charged the commission of a felony. In *Kleiss*, the issue was

whether the defendant had waived objection to prosecution upon complaint rather than upon an information or indictment by his failure to file a timely pretrial motion. Here, waiver is not an issue because defendant filed a pretrial motion raising the objection. *Woollums* states that it is the primary responsibility of the State's Attorney to file and prosecute a charge. This statement was made in connection with the court's discussion of an evidentiary ruling made by the trial court and is unpersuasive for the proposition now urged by the State.

The State next argues that the statute of limitations was tolled by the filing of the complaint in April, citing section 3—7(c) of the Criminal Code (Ill. Rev. Stat. 1979, ch. 38, par. 3—7(c)) and, therefore, the indictment found on July 7, 1980, was within the limitations period. Section 3—7(c) provides for the tolling of the limitation statute while a prosecution is pending against a defendant for the same conduct. In order to apply this statutory provision to the present case, we first must accept the State's contention that the complaint filed in April commenced prosecution of the felony charge. We are of the opinion that the State's theory of when a felony prosecution is commenced is erroneous and that section 3—7(c) (Ill. Rev. Stat. 1979, ch. 38, par. 3—7(c)) is irrelevant to the issue raised on appeal.

■■ The term prosecution is defined in section 2—16 of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 2—16) as follows:

> " 'Prosecution' means all legal proceedings by which a person's liability for an offense is determined, *commencing with the return of the indictment or the issuance of the information*, and including the final disposition of the case upon appeal." (Emphasis added.)

Section 111—2(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 111—2(a)) provides, in pertinent part, the following:

> "All prosecutions of felonies shall be by information or by indictment.* * *"

An information or indictment is required in order to prosecute an accused on a felony offense. Therefore, the date the indictment is found or the information is filed marks the commencement of the felony prosecution and stops the running of the statute of limitations.

■■ Applying these principles to the instant case, the trial court correctly found that prosecution of the felony theft charge against defendant was barred by the statute of limitations. The complaint was filed on April 25, 1980. Because an information or indictment was necessary to charge defendant with the felony offense, the complaint did not commence the prosecution. On July 7, 1980, the grand jury returned a true bill which charged that defendant, from June 1976 through June 1977, committed the offense of felony theft. The indictment was found beyond the three-

year period of limitations (Ill. Rev. Stat. 1979, ch. 38, par. 3—5(b)). Therefore, prosecution of the offense was barred.

Our opinion here is supported by the supreme court's decision in *People v. Strait* (1978), 72 Ill. 2d 503, 381 N.E.2d 692, which reaffirmed the established rule that if the indictment shows on its face that the alleged offense was committed outside the period of the statute, facts must be alleged to invoke an exception contained in the statute. No such facts were alleged here, nor do we believe any could be alleged to invoke any recognized exception.

■■ Finally, the State argues that the complaint filed in April commenced prosecution of the felony theft charge because it was in substance an information as defined in section 102—12 of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 102—12). We note that this argument was not presented to the trial court. The only basis argued against the defendant's motion was that a complaint was sufficient to commence a felony prosecution. Therefore, the State has waived this theory now urged for the first time. (*People v. Bullis* (1980), 85 Ill. App. 3d 693, 407 N.E.2d 1100.) Furthermore, section 102—12 defines an information as a verified statement signed by a State's Attorney. The complaint filed against defendant was signed and verified by an agent of the Illinois Department of Law Enforcement. It was "approved" by an assistant State's Attorney. However, we know of no requirement that the prior approval of the State's Attorney is required as a condition precedent to the filing of a complaint, and we would consider such approval surplusage.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

HARRISON, J., concurs.

JUSTICE WELCH, specially concurring:

I subscribe to all of the majority opinion except for the statement, in *dicta*, that "we know of no requirement that the prior approval of the State's Attorney is required as a condition precedent to the filing of a complaint, and we would consider such approval surplusage." (105 Ill. App. 3d 167, 170.) If, by this language, the majority intends to say that the charging instrument in this case was a complaint with a surplus signature by the assistant State's Attorney rather than an improperly captioned information, then I must disagree.

An information is defined as "a verified written statement signed by a State's Attorney, and presented to a court, which charges the commission of an offense." (Ill. Rev. Stat. 1979, ch. 38, par. 102—12.) Certainly the

document contained a written statement verified by Agent Trent, and the signature of the assistant State's Attorney meets the requirement that the instrument be signed by a State's Attorney. (*People v. White* (1961), 21 Ill. 2d 373, 172 N.E.2d 794; *People v. Rehberger* (1979), 73 Ill. App. 3d 964, 392 N.E.2d 395.) And, because the body of a charging pleading, not the caption, determines the validity of that document (*People v. Sirinsky* (1970), 47 Ill. 2d 183, 265 N.E.2d 505), the designation of the instrument as a "criminal complaint" cannot alone convert an otherwise valid information into a complaint.

Nonetheless, the People argued in the trial court only that the charging instrument was a complaint and that a complaint is sufficient to commence a felony prosecution. They will not be heard to characterize this instrument as an information for the first time in this court, as the majority correctly holds.