THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DONALD R. MANN, Defendant-Appellee.

Second District    No. 2—02—0002

Opinion filed August 7, 2003.—Rehearing denied August 21, 2003.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Linda A. Johnson, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE KAPALA delivered the opinion of the court:
The State appeals from an order of the circuit court of Du Page

County dismissing the indictment filed in this cause. For the reasons that follow, we reverse and remand.

On July 13, 1996, defendant, Donald R. Mann, was charged with various traffic offenses by the issuance of four Illinois citation and complaint forms. One of those complaints alleged that on that same date he committed the Class A misdemeanor offense of driving while license revoked (625 ILCS 5/6—303(a) (West 1996)). Defendant signed an individual bond and was required to appear in court on August 20, 1996.

After defendant failed to appear in court on several dates and was arrested several times on bench warrants, the trial court, on May 22, 2001, granted the State's motion to nol-pros the Illinois citation and complaints, allowing the State to enhance the driving-while-license-revoked charge to a felony.

On August 9, 2001, the grand jury returned an indictment charging defendant with the felony offense of aggravated driving while license revoked (625 ILCS 5/6—303(d) (West 1996)), alleging:

"[O]n or about the 13th day of July 1996 at and within Du Page County, Illinois, Donald R. Mann committed the offense of Aggravated Driving While License Revoked in that said defendant drove or was in actual physical control of a motor vehicle on a highway in Illinois, at a time when his driver's license, permit, or privilege to operate a motor vehicle was revoked pursuant to a violation of 625 ILCS 5/11—501, the defendant having been previously convicted of Driving While License Revoked in violation of 625 ILCS 5/6—303, the original revocation being based upon the defendant's conviction for a violation of 625 ILCS 5/11—501, and a prosecution was pending against this defendant for the same conduct from July 13, 1996[,] to May 22, 2001[,] which period is excluded from the applicable limitation under 720 ILCS 5/3—7(c))***."

Defendant filed a motion to dismiss the indictment on the ground that the State failed to file the indictment within three years of the date of the offense, thereby barring the prosecution under the applicable limitations period (720 ILCS 5/3—5(b) (West 1996)). At the hearing on defendant's motion, the assistant State's Attorney argued that the misdemeanor driving-while-license-revoked charge was a prosecution "pending against defendant for the same conduct" as was alleged in the indictment and, therefore, the period of time from July 13, 1996, until May 22, 2001, was excluded from the three-year statute of limitations pursuant to section 3—7(c) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/3—7(c) (West 1996)). In response, defense counsel took the position that the criminal proceeding on a misde-

meanor charge pursuant to the filing of an Illinois citation and complaint did not constitute "a prosecution" as that term is used in section 3—7(c).

In ruling on defendant's motion to dismiss the indictment, the trial court stated:

> "It really comes down to a situation where there was a misdemeanor traffic charge pending by way of complaint which is certainly sufficient for a misdemeanor. But the issue is whether or not that is a prosecution pending since the defendant is now charged with a felony offense.
>
> I find that it is not the same offense. There are additional elements required for purposes of the felony. Although that's presented at sentencing, it's not the same offense for purposes of the prosecution pending.
>
> So for that reason, I find that the prosecution was not commenced within the applicable statute of limitations period and the motion to dismiss will be granted."

The State timely appeals from that order pursuant to Supreme Court Rule 604(a)(1). 188 Ill. 2d R. 604(a)(1).

■ As a preliminary matter, we take up the State's motion to supplement the record on appeal with the common law record in the misdemeanor proceeding and with the affidavit of the assistant State's Attorney who handled this cause in the trial court. Defendant filed an objection to the State's motion, contending that the common law record in the misdemeanor proceeding and the prosecutor's affidavit are not part of the record in this cause. We ordered that the motion be taken with the case and now grant the State's motion to supplement the record with the common law record in the misdemeanor proceeding, and deny the motion to supplement the record with the prosecutor's affidavit.

The State's motion regarding the common law record in the misdemeanor proceeding is granted as to the pertinent facts contained therein because it is proper for this court to judicially notice that court file even though the trial court did not formally do so. A reviewing court may judicially notice factual evidence where the facts are capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy. *Vulcan Materials Co. v. Bee Construction*, 96 Ill. 2d 159, 166 (1983); *People v. Davis*, 65 Ill. 2d 157, 161-65 (1976). When and how defendant was charged, his failure to appear in court, his arrests on bench warrants, and when the State's motion to nol-pros was granted are pertinent matters contained in the common law record of the underlying misdemeanor proceeding. These matters are capable of immediate and accurate demonstration by

resort to an easily accessible source of indisputable accuracy. Our judicial notice of these pertinent facts from the common law record in the misdemeanor proceeding is also appropriate because the State, the trial court, and defendant all assumed them to be true at the hearing on defendant's motion to dismiss the indictment, and defendant has not denied that these facts are true in this court. See *Midway Tobacco Co. v. Mahin*, 42 Ill. App. 3d 797, 811 (1976). The State's motion to supplement the record on appeal with the prosecutor's affidavit is denied because, ordinarily, an attorney's affidavit cannot be used to supplement the record on appeal. *Silny v. Lorens*, 73 Ill. App. 3d 638, 642-43 (1979).

■ Because the trial court's dismissal of the indictment on statute of limitations grounds in this case raises a purely legal issue, we review *de novo* the trial court's rulings. *People v. Blankschein*, 337 Ill. App. 3d 526, 529 (2003). Generally, a prosecution for a felony must be commenced within three years after the commission of the offense. 720 ILCS 5/3—5(b) (West 1996). Where an indictment facially shows that an offense was not committed within the applicable statute of limitations, it becomes an element of the State's case to allege and prove the existence of facts that invoke an exception to the limitations period. *People v. Morris*, 135 Ill. 2d 540, 546 (1990). Section 3—7 excludes certain periods of time from the applicable statute of limitations and provides in pertinent part:

"The period within which a prosecution must be commenced does not include any period in which:

\* \* \*

(c) A prosecution is pending against the defendant for the same conduct, even if the indictment or information which commences the prosecution is quashed or the proceedings thereon set aside, or are reversed on appeal." 720 ILCS 5/3—7(c) (West 1996).

On appeal the State contends that the trial court erred in dismissing the indictment, arguing that the conduct alleged in the misdemeanor complaint is the same conduct alleged in the felony indictment and, therefore, for purposes of section 3—7(c), a prosecution was pending against defendant from July 13, 1996, until May 22, 2001. Accordingly, the State concludes that this period of time is properly excluded from the three-year limitations period pursuant to section 3—7(c).

Defendant does not contend that the State failed to specifically allege in the indictment the existence of facts that invoke the section 3—7(c) exclusion, but responds with three arguments in support of affirming the trial court's order: (1) that the State failed to comply with the compulsory joinder provision of section 3—3(b) of the Criminal

Code (720 ILCS 5/3—3(b) (West 1996)); (2) that in order to exclude time from the applicable limitations period pursuant to section 3—7(c), the prior criminal proceeding cannot be initiated by a complaint; and (3) that section 3—7(c) was not applicable in this case because the indictment added elements to the misdemeanor charge and, therefore, the misdemeanor proceeding did not involve the "same conduct" as was alleged in the indictment.

Defendant's first argument questions the State's failure in 1996 to join the misdemeanor and the felony driving-while-license-revoked charges pursuant to the compulsory joinder requirements of section 3—3(b). Defendant contends that section 3—3(b) bars the State from pursuing the felony charge because it was not joined with the misdemeanor proceedings.

Section 3—3 provides in pertinent part:

"§ 3—3. Multiple Prosecutions for Same Act. (a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act." 720 ILCS 5/3—3(a), (b) (West 1996).

This section is not applicable in this case. Section 3—3 does not require the State to *charge* a defendant, at the time of commencing a criminal proceeding, with all known offenses arising out of the same conduct or be barred from filing additional charges in that same proceeding. The purpose of section 3—3 is to prevent successive prosecutions for multiple offenses arising from a single act. *People v. Davis*, 328 Ill. App. 3d 411, 414 (2002). In this case we are not dealing with a successive prosecution. Rather, the parties are in the midst of an ongoing prosecution. A prosecution commences with the filing of a charging document and ends with the final disposition of the case on appeal (see 720 ILCS 5/2—16 (West 1996)). Consequently, as the initial prosecution for aggravated driving while license revoked has not been completed, there is no successive prosecution to be barred.

Defendant's second argument addresses what type of prosecution must have been previously pending against defendant in order to exclude, pursuant to section 3—7(c), that period of time from the limitations period on a subsequent charge. Defendant contends that, in order to exclude time from the limitations period applicable to the felony charge, section 3—7(c) proscribes that the prior prosecution cannot be a criminal proceeding initiated by a complaint. The State

disagrees, arguing that while it was pending, the prior misdemeanor proceeding tolled the limitations period for initiating the felony prosecution. We agree with the State.

In support of his contention, defendant points out that the Criminal Code defines "prosecution" as "all legal proceedings by which a person's liability for an offense is determined, commencing with the return of the indictment or the issuance of the information, and including the final disposition of the case upon appeal." 720 ILCS 5/2—16 (West 1996). Defendant argues that because the definition of "prosecution" omits the term "complaint," the reference to "prosecution" in section 3—7(c) would not include a criminal proceeding commenced by a complaint. Defendant submits, therefore, that in the instant case the period during which misdemeanor proceedings were pending pursuant to an Illinois citation and complaint would not be excluded under section 3—7(c) from the limitations period applicable to the felony offense of aggravated driving while license revoked.

■ The State directs our attention to *People v. Robins*, 33 Ill. App. 3d 634 (1975), wherein the Fourth District held that the statutory definition of "prosecution" must be read to include those legal proceedings that are initiated with a complaint. The court in *Robins* observed that while section 2—16 of the Criminal Code does not mention "complaint" in its definition of "prosecution", section 111—1 of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure) provides:

"Methods of prosecution.
When authorized by law a prosecution may be commenced by:
(a) A *complaint*;
(b) An information;
(c) An indictment." (Emphasis added.) 725 ILCS 5/111—1 (West 1996).

It is also worth noting that the definition of "prosecution" in section 2—16 includes "*all* legal proceedings by which a person's liability for an *offense* is determined." (Emphasis added.) 720 ILCS 5/2—16 (West 1996). "Offense" is defined as "a violation of *any* penal statute of this State" (emphasis added) (720 ILCS 5/2—12 (West 1996)), which would certainly include a misdemeanor. By incorporating the term "offense" in the definition of "prosecution," section 2—16 necessarily contemplates that a prosecution includes a criminal proceeding on a misdemeanor complaint. See 725 ILCS 5/111—2(b) (West 1996) (providing that all nonfelony prosecutions may be by indictment, information or *complaint*.)

Therefore, in view of these statutory provisions we, like the court in *Robins*, conclude that the statutory definition of "prosecution"

must be read to include criminal proceedings commenced with a complaint. See *Robins*, 33 Ill. App. 3d at 637.

In support of his position, defendant cites *People v. Herndon*, 105 Ill. App. 3d 167 (1982). The defendant in *Herndon* was charged on April 25, 1980, by a complaint with a felony theft alleged to have occurred from June 1976 through June 1977. *Herndon*, 105 Ill. App. 3d at 168. On July 7, 1980, an indictment was returned charging the defendant with the same offense alleged in the complaint. *Herndon*, 105 Ill. App. 3d at 168. The trial court granted the defendant's motion to dismiss the indictment on the ground that the prosecution was not commenced within the applicable three-year limitations period. *Herndon*, 105 Ill. App. 3d at 168. On appeal, the State contended, *inter alia*, that the limitations period was tolled pursuant to section 3—7(c) by the filing of the complaint in April 1980 and, therefore, the indictment filed on July 7, 1980, was within the three-year statute of limitations. *Herndon*, 105 Ill. App. 3d at 169. The reviewing court rejected this contention, concluding that a felony prosecution cannot be commenced with a complaint and, therefore, no prosecution was pending until the July 7, 1980, indictment was filed. *Herndon*, 105 Ill. App. 3d at 169. The reviewing court in *Herndon* did not discuss the holding in *Robins* that the statutory definition of "prosecution" must be read to include the word "complaint." Rather, *Herndon* distinguished *Robins* on the basis that the prosecution in question in that case involved a misdemeanor and not a felony. *Herndon*, 105 Ill. App. 3d at 168. In sum, *Herndon* says that for purposes of section 3—7(c), a prosecution for a felony is commenced by an indictment or an information. *Herndon* does not say a criminal proceeding commenced by a complaint is not a prosecution.

Adopting defendant's interpretation of section 2—16 would bring us to the absurd conclusion that there is no such thing as a prosecution for a charge initiated by a complaint. We must interpret statutes in a manner that avoids absurd results. *Burger v. Lutheran General Hospital*, 198 Ill. 2d 21, 59 (2001). Accordingly, we hold that in this case from July 13, 1996, until May 22, 2001, there was a "prosecution pending against defendant" within the meaning of section 3—7(c).

Our conclusion is not inconsistent with our holding in *People v. Gwinn*, 255 Ill. App. 3d 628 (1994). In *Gwinn* the State filed a complaint on April 13, 1988, alleging that the defendant committed felony retail theft. *Gwinn*, 255 Ill. App. 3d at 630. The defendant failed to appear in court and a warrant was issued for his arrest. *Gwinn*, 255 Ill. App. 3d at 630. The defendant was arrested on January 28, 1992, and the State filed an information on February 19, 1992. Thereafter, the defendant was found guilty. *Gwinn*, 255 Ill. App. 3d at

630. On appeal, the defendant claimed that, because the information failed to allege that the offense occurred within the applicable limitations period and failed to plead an exception to the statute of limitations, his conviction must be reversed. *Gwinn*, 255 Ill. App. 3d at 630-31. This court held that because the defendant did not raise the statute of limitations issue before the trial court, the issue was waived on appeal. *Gwinn*, 255 Ill. App. 3d at 631. We did, however, agree with the defendant's contention that he was deprived of the effective assistance of counsel due to defense counsel's failure to file a motion to dismiss the information on statute of limitations grounds. *Gwinn*, 255 Ill. App. 3d at 632. In discussing the prejudice prong of the ineffective assistance of counsel analysis, we said:

> "The State's reliance on subsection (c) of the tolling provision [citation] is wholly misplaced. That provision tolls the running of the limitations period for the time in which a prosecution is pending against the defendant for the same conduct, even if the charging instrument that initiated the prosecution is later found to be invalid or the proceedings on that instrument are set aside or reversed on appeal. There was no prosecution pending against the defendant here, however, until the State filed the information on February 19, 1992. See Ill. Rev. Stat. 1991, ch. 38, par. 111—2(a) (now 725 ILCS 5/111—2(a) (West 1992)) (all prosecutions of felonies shall be by information or by indictment)." *Gwinn*, 255 Ill. App. 3d at 633.

In *Gwinn* we recognized for purposes of section 3—7(c) that a complaint alleging a felony initiates no prosecution whatsoever. See *Herndon*, 105 Ill. App. 3d at 169 (holding the same). We therefore held that there was no prosecution pending against the defendant that would exclude time pursuant to section 3—7(c) from the limitations period. In *Gwinn* we did not address whether a misdemeanor complaint pending against a defendant for the same conduct as alleged in a subsequently charged felony could exclude time under section 3—7(c) from the limitations period applicable to that felony charge.

Defendant's third argument centers on whether the misdemeanor prosecution for driving while license revoked was for the "same conduct" as the aggravated driving while license revoked charge alleged in the indictment. Defendant claims that section 3—7(c) was not invoked by the misdemeanor charge because the felony charge included the additional elements of (1) having previously been convicted of driving while license revoked and (2) the original revocation having been based upon defendant's conviction of DUI. Therefore, defendant concludes that the conduct involved in the misdemeanor charge is dif-

ferent from the conduct that gave rise to the felony charge. We disagree.

■■ Section 3—7(c) does not require that the prosecution pending against the defendant contain the same elements but, rather, that the prosecution pending against the defendant be for the same conduct. 720 ILCS 5/3—7(c) (West 1996). As our supreme court pointed out in *Morris*, "conduct" is defined by the Criminal Code as " 'an act or a series of acts, and the accompanying mental state.' " (Emphasis omitted.) *Morris*, 135 Ill. 2d at 545-46, quoting Ill. Rev. Stat. 1987, ch. 38, par. 2—4; see 720 ILCS 5/2—4 (West 1996). In this case, the act alleged in the misdemeanor complaint is that defendant drove a motor vehicle on a highway of this state on July 13, 1996, when his license to operate a motor vehicle was revoked. This is the same act alleged in the indictment charging defendant with the felony offense of aggravated driving while license revoked. Under both the felony and the misdemeanor driving-while-license-revoked charges, the conduct is the same. The distinction is that the felony charge merely adds allegations regarding defendant's previous driving record as of the time of his conduct. Accordingly, from July 13, 1996, until May 22, 2001, there was "[a] prosecution *** pending against the defendant for the same conduct" (720 ILCS 5/3—7(c) (West 1996)) that is the basis for the felony aggravated-driving-while-license-revoked charge alleged in the indictment. Therefore, the period of time when the misdemeanor charge was pending against defendant is properly excluded from the three-year limitations period applicable to the felony charge. Consequently, the trial court erred in dismissing the indictment on the ground that it was filed outside the applicable statute of limitations.

For the foregoing reasons, we reverse the circuit court's order dismissing the indictment and remand the cause for further proceedings.

Reversed and remanded.

McLAREN and O'MALLEY, JJ., concur.