# Illinois Official Reports

## Appellate Court

---

### *People v. Wells*, 2017 IL App (1st) 152758

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CRANDELL WELLS, Defendant-Appellant. |
| | |
| District & No. | First District, Third Division<br>Docket No. 1-15-2758 |
| | |
| Filed | May 24, 2017 |
| | |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07-CR-4176; the Hon. Marguerite A. Quinn, Judge, presiding. |
| | |
| Judgment | Reversed. |
| | |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Yasemin Eken, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and Sarah L. Simpson, Assistant State's Attorneys, of counsel), for the People. |
| | |
| Panel | JUSTICE LAVIN delivered the judgment of the court, with opinion.<br>Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant Crandell (also referred to as Crandall) Wells filed a collateral petition and appeal from his 10-year negotiated guilty plea conviction, and this court remanded for withdrawal of the plea. The State reinstated certain charges, and following a jury trial, defendant was found guilty of aggravated battery of a senior citizen and robbery and was sentenced to 15 years in prison. Defendant appeals arguing, among other claims, that the trial court erred in denying his motion to dismiss the reinstated charges as time-barred. We reverse.

¶ 2                                                   BACKGROUND

¶ 3        On January 25, 2007, defendant beat a 65-year-old woman over the head with a BB gun, resulting in stitches in four places on her head, and then took her purse. He fled in a black Volkswagen but was later stopped by police, who promptly discovered the gun and the victim's purse. Defendant was arrested shortly thereafter, and on February 14, 2007, a grand jury indicted defendant on six counts. He was charged with armed robbery, aggravated robbery, robbery, aggravated battery of a senior citizen, and two counts of aggravated battery.

¶ 4        Following an Illinois Supreme Court Rule 402 (eff. July 1, 1997) conference, on June 12, 2007, defendant entered a negotiated guilty plea to count I, armed robbery with a bludgeon (*i.e.*, the BB gun). In exchange, the State entered a *nolle prosequi* of the remaining charges, and defendant was sentenced to the agreed term of 10 years' imprisonment at 85% based on the finding of great bodily harm. A *nolle prosequi* is the formal record entry by the State denoting an unwillingness to prosecute a charge, and while not an acquittal, it leaves the matter in the same condition as before the prosecution commenced. *People v. Hughes*, 2012 IL 112817, ¶¶ 22, 23. Thereafter, defendant did not move to withdraw his guilty plea or file a direct appeal.

¶ 5        Defendant nonetheless filed a *pro se* postconviction petition (see 725 ILCS 5/122-1 (West 2008)) arguing he was not admonished during guilty plea proceedings, as required by *People v. Whitfield*, 217 Ill. 2d 177 (2005), regarding the three-year period of mandatory supervised release (MSR) to follow his sentence. He requested modification of his sentence to 7 years, followed by 3 years' MSR, to approximate the bargain struck by the parties. On January 24, 2008, at a hearing on the petition, the trial court acknowledged it failed to admonish defendant of the MSR period and granted defendant's petition. Instead of accepting defendant's requested remedy, the court stated defendant could proceed to trial or accept the offer of 10 years' imprisonment at 85%. Defendant, while represented by stand-in counsel, withdrew his guilty plea and then entered the same negotiated guilty plea to armed robbery with a bludgeon in exchange for 10 years, only this time he was admonished of the 3 years' MSR. Defendant did not move to withdraw his guilty plea or file a direct appeal.

¶ 6        Following his second guilty plea, on August 20, 2010, defendant filed a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)) alleging his attorney at the January 2008 plea hearing was ineffective for failing to argue defendant was entitled to the remedy of correcting his sentence to 7 years in prison, plus 3 years' MSR, rather than withdrawing his guilty plea. Defendant's section 2-1401 petition was ultimately recharacterized as a postconviction petition and dismissed.

¶ 7        On appeal from that judgment, defendant argued for the first time that his 10-year sentence for armed robbery violated the proportionate penalties clause of the Illinois Constitution (Ill.

Const. 1970, art. I, § 11) because it contained the same elements as armed violence, but carried a stiffer sentence. This court agreed and declared his armed robbery conviction was void. *People v. Wells*, 2012 IL App (1st) 103757-U, ¶¶ 12, 19; see also *People v. Taylor*, 2015 IL 117267, ¶ 15 (a sentence based on a statute that violates the proportionate penalties clause is facially unconstitutional and thus void *ab initio*). As a remedy, defendant asked that we impose the maximum sentence for the identical armed violence offense, which was seven years, or remand for resentencing on that offense. *Wells*, 2012 IL App (1st) 103757-U, ¶ 16. The State urged upholding defendant's armed robbery sentence absent an alternative argument as to a remedy should we find a proportionate penalties violation. This court found the usual remedies available in proportionate penalties cases did not apply in part because this case involved a negotiated guilty plea. We held defendant's proposed remedy was inappropriate since defendant had entered into a negotiated guilty plea to armed robbery alone and was not charged with armed violence. *Id.* ¶¶ 16, 23. We noted it is the State's role to bring charges and plea bargain with the defendant should it so choose, and defendant's remedy essentially violated the contract principles involved in negotiated pleas. Accordingly, we held defendant's guilty plea and sentence were void and remanded the matter for withdrawal of the plea and further proceedings.

¶ 8 Defendant's case was then redocketed. Neither party on appeal disputes that the charges were reinstated. According to the trial court, the counts were "alive" again. On November 13, 2013, following a Rule 402 conference, defendant declined an offer to receive a 10-year sentence on a different count.

¶ 9 Facing a new trial, defendant moved to dismiss the reinstated charges for violating the statute of limitations (see 725 ILCS 5/114-1(a)(2) (West 2006); 720 ILCS 5/3-5(b) (West 2006)) and asked to be released from custody. That section of the Code states that generally "a prosecution *** must be commenced within 3 years after the commission of the offense if it is a felony." 720 ILCS 5/3-5(b) (West 2006). The relevant statute defined a " '[p]rosecution' " as "all legal proceedings by which a person's liability for an offense is determined, commencing with the return of the indictment or the issuance of the information, and including the final disposition of the case upon appeal." 720 ILCS 5/2-16 (West 2006). Defendant argued that the remaining five felony charge counts were barred by the three-year limitations period of section 3-7 of the Code which states that "[t]he period within which a prosecution must be commenced does not include any period in which *** [a] prosecution is pending against the defendant for the same conduct," even if the "proceedings thereon are set aside, or are reversed on appeal." 720 ILCS 5/3-7(c) (West 2006). Defendant argued that his collateral petition and appeal filed after his 2008 guilty plea did not toll the statute of limitations, in that it did not constitute a "pending prosecution" under section 3-7. He maintained the statute of limitations expired as of June 2010.

¶ 10 The State responded relying principally on *People v. McCutcheon*, 68 Ill. 2d 101 (1977), where our supreme court held that a prosecutor can reinstate charges when a defendant withdraws his guilty plea in the circuit court *or* after a reviewing court vacates the guilty plea on direct appeal. Contrary to the defendant's contention, the court held reinstating charges was not barred by double jeopardy. The court wrote:

"In short, defendant's first successful appeal of his guilty plea placed him in the position he held prior to the plea or in the position he would have held had he been allowed to withdraw his plea. The appellate court's mandate to plead anew

encompassed starting the process over. \*\*\* Fairness for the interests of the People demands that the State not be bound by a plea agreement, once a condition of that agreement (the guilty plea) is no longer valid." *Id.* at 106-07.

¶ 11 In other words, the nol-prossed charge, which was conditioned on the guilty plea, could be revived once that plea was vacated. *Id.* at 106-08, 112.

¶ 12 Drawing on *McCutcheon*, the State argued that once an agreement is vacated, even if as a result of collateral proceedings, the defendant was in the same position as prior to the guilty plea, and the prosecution should be allowed to reinstate previously dismissed charges. In addition, citing section 3-7, the State essentially argued that defendant's second guilty plea was "set aside" after a successful collateral attack, and as such, "the prosecution is still pending thereby tolling the statute of limitations." The State argued that as a result, it was permitted to reinstate the previously nol-prossed charges.

¶ 13 Following a hearing and argument, defendant's motion to dismiss was denied. The matter then proceeded to a jury trial, where the victim, police, and witnesses at the scene testified for the State. The victim, a neighbor, and another individual near the scene all separately identified defendant from a lineup as the robber running with a purse. At the police station, defendant confessed to the crime, stating he did not mean to hurt the victim, but she should have given him the purse, and that he did it to buy drugs. Defendant testified on his own behalf, denying the crime and blaming it on his relative. The jury found defendant guilty, and he was sentenced to 15 years in prison with credit for time served. This appeal followed.

¶ 14 ANALYSIS

¶ 15 Defendant first contends the trial court erred in denying his pretrial motion to dismiss where the State reinstated the previously nol-prossed charges against him even though it was patently outside the statute of limitations. The State responds that the criminal charges were originally filed within a month of the 2007 offense, thus providing no basis for a statute of limitations violation. The State relies once again on *McCutcheon* in arguing that after remand in 2012, the parties were returned to the *status quo ante*, as before the guilty plea proceedings, and this permitted reinstatement of the nol-prossed charges.

¶ 16 After the parties filed their briefs with this court, the supreme court issued *People v. Shinaul*, 2017 IL 120162, which we find controlling. In *Shinaul*, the defendant was charged on April 8, 2009, within months after his February arrest.[1] On June 2, 2009, the defendant entered a negotiated guilty plea to one count of aggravated unlawful use of a weapon (AUUW). In exchange, the State nol-prossed the eight remaining charges, and the defendant was sentenced to 24 months' probation. The defendant served and completed the full term of his sentence. *Id.* ¶ 1. The limitations period expired in April 2012.

¶ 17 Some four years after his guilty plea conviction, in 2013, the defendant filed a section 2-1401 petition seeking to vacate his conviction as void under *People v. Aguilar*, 2013 IL 112116, which held that the class of AUUW to which the defendant was sentenced was facially unconstitutional and void *ab initio*. The State conceded the conviction should be vacated under

---

[1]Section 3-5 of the Code requires the prosecution to be commenced within three years after the "commission of the offense" if it is a felony. 720 ILCS 5/3-5(b) (West 2006). We presume by identifying defendant's arrest date, the court in *Shinaul* was also identifying the date he committed the offense.

- 4 -

*Aguilar*, given that defendant essentially pled guilty to something that was never a crime, but the State then sought to reinstate certain previously nol-prossed AUUW counts. The defendant argued the nol-prossed charges were time-barred. *Shinaul*, 2017 IL 120162, ¶¶ 2-3.

¶ 18 The issue before the supreme court was "whether, following a successful collateral attack on a conviction, the State is entitled to reinstatement of the charges that were nol-prossed as part of the plea agreement entered into with defendant." *Id.* ¶ 13. The court noted that typically when a circuit court vacates and sets aside a judgment, the prior judgment is eliminated and the case thereby returns to its status before the judgment was made. Citing its earlier decision in *People v. Hughes*, 2012 IL 112817, ¶ 25, the court noted the State may request reinstatement of nol-prossed charges *unless* a defendant raises applicable constitutional or statutory limitations. *Shinaul*, 2017 IL 120162, ¶ 15. The court held the defendant in *Shinaul* had done just that, and under those unique circumstances, the State was precluded from reinstating the nol-prossed charges because they were time-barred under section 3-5. The court wrote, "the State cites no authority, and we find none, for the proposition that the Criminal Code of 2012 *** permits the tolling of the statute of limitations, when, as here, a defendant successfully has his conviction vacated after the period of limitations has expired on the original charges that were dismissed in accordance with a plea agreement." *Id.* ¶ 16.

¶ 19 In *Shinaul*, the State similarly argued that the "prosecution" was still "pending" and hence the limitations period had not expired because the defendant's case had never reached a final disposition on appeal. *Id.* The *Shinaul* court essentially found this position to be contrary to the plain language of section 3-5 and the intent of a limitations period, which is to avoid the use of stale evidence while providing incentive for swift governmental action. *Id.* ¶ 17. Accordingly, the *Shinaul* court held section 3-5 served as an absolute bar to the State's motion to reinstate charges. *Id.* ¶ 18.

¶ 20 Here, as in *Shinaul*, the State sought to reinstate charges that were previously nol-prossed pursuant to a negotiated guilty plea, which was later held void, but by the time the State sought reinstatement, the limitations period on the only live count underlying the guilty plea had expired. The following elucidates these facts. In this case, the State charged defendant about a month later on February 23, 2007, within the three-year limitations period as required under section 3-5 of the statute. See 720 ILCS 5/3-5 (West 2006); see also *People v. Herndon*, 105 Ill. App. 3d 167, 169 (1982) (noting the date the indictment is filed marks the commencement of the felony prosecution and stops the running of the statute of limitations). The prosecution of defendant thus commenced on February 23, 2007, and remained pending until June 12, 2007, when defendant entered into the negotiated guilty plea whereby the State agreed to nol-pros the remaining charges. Defendant neither withdrew his guilty plea nor filed a direct appeal, and 30 days thereafter, the three-year statute of limitations clock began to run again (having already run for about a month between when defendant committed the crime and was then indicted). Following his guilty plea conviction, there was no "pending prosecution" to toll the running of the limitations period. See 720 ILCS 5/3-7(c) (West 2006) ("[t]he period within which a prosecution must be commenced does not include any period in which *** [a] prosecution is pending against the defendant for the same conduct"). In other words, at that time, there were no legal proceedings by which defendant's liability for his offense was being determined. See 720 ILCS 5/2-16 (West 2006) (a " '[p]rosecution' " is "all legal proceedings by which a person's liability for an offense is determined, commencing with the return of the

- 5 -

indictment or the issuance of the information, and including the final disposition of the case upon appeal").

¶ 21 Nonetheless, on January 24, 2008, defendant's postconviction petition was granted, and he withdrew his guilty plea only to plead again in the same manner. We read the running limitations period as having been suspended or tolled on this date because there was a prosecution pending against defendant for the same conduct. See 720 ILCS 5/3-7(c) (West 2006). That is, the State was once again determining defendant's liability because his petition had resulted in the first guilty plea being "set aside." See *id.* (the tolling period applies where "[a] prosecution is pending against the defendant for the same conduct," even if the "proceedings thereon are *set aside,* or are reversed on appeal" (emphasis added)); see also *Swalley v. People*, 116 Ill. 247, 250 (1886) ("To 'set aside' is very broad in scope,—'to defeat the effect or operation of ;' and we think it may well be held to embrace here every other mode of defeat of the proceedings on an indictment, than quashing it and reversal on error."). Defendant again did not move to withdraw the January 24, 2008, guilty plea or appeal therefrom, and the prosecution ceased 30 days thereafter.

¶ 22 At that time, the three-year statute of limitations clock started again, and several years later in June 2010, the limitations period expired. In short, starting in June 2007, the three-year limitations period began to run, and in June 2010, it expired. The State has not provided any detailed or reasoned factual analysis contradicting the June 2010 expiration date. See *People v. Gray*, 396 Ill. App. 3d 216, 227 (2009) (finding, when a defendant challenges the statute of limitations in a pretrial motion, the State must prove tolling of the limitations period).

¶ 23 Defendant filed his collateral petition in September 2010 and thereafter appealed it. We ordered his plea to be vacated in 2012. As stated, by that time, the statute of limitations period had already expired. The State rather generally argues that after our 2012 decision, the parties were returned to the *status quo ante*, as before the plea proceedings. While this is normally the case, as in *Shinaul*, "the State cites no authority, and we find none, for the proposition" that statute of limitations begins to run again and is thus revived when "a defendant successfully has his conviction vacated after the period of limitations has expired on the original charges that were dismissed in accordance with a plea agreement." *Shinaul*, 2017 IL 120162, ¶ 16.

¶ 24 We finally note that the application of the limitations statute is an affirmative defense that can be waived. *People v. Williams*, 79 Ill. App. 3d 806, 808 (1979); see also *People v. Lutter*, 2015 IL App (2d) 140139, ¶ 19 (noting, the expiration of the statute of limitations is a defense that may or may not be raised by a defendant). Here, defendant filed a written motion to dismiss the charges for violating the statute of limitations after they were reinstated and before trial. See 725 ILCS 5/114-1(a)(2) (West 2006). Defendant thus did not waive the limitations defense, and he identified a statutory ground precluding reinstatement of the charges in this case. See *Hughes*, 2012 IL 112817, ¶ 23 ("if a *nolle prosequi* is entered before jeopardy attaches, the State may reprosecute the defendant *subject to other relevant statutory or constitutional defenses*" (emphasis added)).

¶ 25 Based on the foregoing, we need not consider defendant's remaining arguments.

## CONCLUSION

¶ 27 Defendant's motion to dismiss is granted, and the judgment of the circuit court is reversed. Defendant is released from the physical and legal custody of the Department of Corrections. Notwithstanding the result reached in this case, we note that defendant has served the prison

time contemplated in his January 24, 2008, guilty plea of 10 years at 85%.

¶ 28        Reversed.