2018 IL App (2d) 160612
No. 2-16-0612
Opinion filed October 9, 2018

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Boone County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 14-CF-197 14-CF-229 |
| BURNELL J. TOWNSEL, | ) ) ) | Honorable C. Robert Tobin III, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Justices McLaren and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a jury trial, defendant, Burnell J. Townsel, was convicted of unlawful possession with intent to deliver 15 or more but less than 100 grams of heroin (720 ILCS 570/401(a)(1)(A) (West 2014)) and calculated criminal drug conspiracy (*id.* § 405). Finding that defendant committed the latter felony while in jail after having been charged with the former felony, the Boone County circuit court imposed consecutive sentences of 30 and 15 years' imprisonment. Defendant appeals, contending that the court erroneously imposed consecutive terms, because he had not been indicted on the first felony when he committed the second. We affirm.

¶ 2    Belvidere police arrested defendant on August 14, 2014.  He remained in custody at all relevant times.  On August 15, 2014, Belvidere officer Jeremy Bell filed a complaint in case No. 14-CF-197 alleging that defendant unlawfully possessed with intent to deliver 15 or more but less than 100 grams of heroin.  That same day, the trial court found probable cause to detain defendant.

¶ 3    On August 29, 2014, defendant was indicted in case No. 14-CF-197 for possession with intent to deliver.  On September 19, 2014, defendant was indicted in case No. 14-CF-229 for calculated criminal drug conspiracy.  The indictment alleged that, between August 15 and August 27, 2014, defendant conspired with Shameka Carr and Kayatanya Taylor to possess with intent to deliver between 15 and 100 grams of heroin.  The trial evidence established that the conspiracy offense involved phone calls defendant made while in jail.  Thus, the offense occurred while defendant was in jail in case No. 14-CF-197.

¶ 4    Following a jury trial, defendant was convicted of both counts.  The State argued that, based on section 5-8-4(d)(8) of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-4(d)(8) (West 2014)), the sentences had to be consecutive.  The cited section provides, "If a person charged with a felony commits a separate felony while on pretrial release or in pretrial detention in a county jail facility," the sentences for the two crimes must be consecutive. *Id.*

¶ 5    Defense counsel argued that section 5-8-4(d)(8) did not apply, because defendant had not been charged with a felony when he committed the second offense.  Counsel argued that, although a complaint charging defendant with the first offense was on file, a felony can be charged only by indictment or information.  See 725 ILCS 5/111-2(a) (West 2014).  The trial court disagreed and sentenced defendant to consecutive terms of 30 and 15 years' imprisonment.  Defendant timely appeals.

¶ 6    On appeal, defendant argues, as he did in the trial court, that section 5-8-4(d)(8) is inapplicable because the complaint was legally insufficient to charge him with a felony. He notes that the indictment in case No. 14-CF-197 was not returned until August 29, 2014, two days after the conspiracy alleged in case No. 14-CF-229 concluded.

¶ 7    Resolving this issue requires us to construe section 5-8-4(d)(8). Our primary goal in construing a statute is to ascertain and effectuate the legislature's intent. *People v. Wegielnik*, 152 Ill. 2d 418, 423 (1992). In doing so, we look first to the statute's plain language. *People v. Robinson*, 172 Ill. 2d 452, 457 (1996). The best indicator of legislative intent is the language employed in the statute, which must be given its plain and ordinary meaning. *Murphy-Hylton v. Lieberman Management Services, Inc.*, 2016 IL 120394, ¶ 25. Statutory construction is a question of law, which we review *de novo*. *Robinson*, 172 Ill. 2d at 457.

¶ 8    Clearly, the complaint "charged" defendant with a felony. The Code defines a "[c]harge" as "a written statement presented to a court accusing a person of the commission of an offense and includes a complaint, information and indictment." 730 ILCS 5/5-1-3 (West 2014). The complaint filed against defendant accused him of an offense, and the offense named was a felony. Defendant was arrested and remained in jail until his trial. Thus, defendant was clearly charged with a felony, regardless of the formal requisites for filing a felony charge.

¶ 9    Illinois statutes covering bail are found in article 110 of the Code of Criminal Procedure of 1963 ("Bail"). The terms "charge," "charged," and "charged with" are used throughout article 110. See, *e.g.*, 725 ILCS 5/110-3 (West 2014) ("Issuance of Warrant," "felony charge"); *id.* § 110-4(a) ("Bailable Offenses," "charge"); *id.* § 110-5 ("Determining the amount of bail and conditions of release," "offense charged"); *id.* § 110-5.1 ("Bail; certain persons charged with violent crimes against family or household members," "charged with a violent crime"); *id.* § 110-

6.1 ("Denial of bail in non-probationable felony offenses," "charged with"). It would be absurd to argue that a defendant being detained on a felony is not entitled to bail, or is subject to being held without bail, simply because he or she has not yet been indicted. It is equally absurd to argue that a defendant being detained in jail on a felony complaint is immune from the consecutive-sentencing provisions simply because the State has not had the opportunity to present the case to the grand jury. The legislature clearly could not have intended such a result.

¶ 10    The cases on which defendant relies are distinguishable. In *People v. Herndon*, 105 Ill. App. 3d 167 (1982), the issue was the State's compliance with the statute of limitations. The court held that the filing of a complaint charging the defendant with a felony did not toll the limitations period. *Id.* at 169; *cf. People v. Mann*, 341 Ill. App. 3d 832, 841 (2003) (complaint charging defendant with misdemeanor tolled limitations period).

¶ 11    Section 5-8-4(d)(8) is concerned with a defendant's conduct and knowledge. By contrast, the statute of limitations is concerned solely with the formal commencement of a prosecution. See 725 ILCS 5/111-2(a) (West 2014). Thus, cases considering when the limitations period ceased to run do not govern here.

¶ 12    In *People v. Johnson*, 2015 IL App (4th) 130968, which defendant also cites, the defendant, on October 4, 2012, was issued an appearance bond stating that he was charged with misdemeanor retail theft. On October 14, 2012, the defendant committed a felony criminal trespass. Then, on October 17, 2012, an information charged the defendant with felony burglary in the same case as the earlier retail-theft charge. After being convicted of these and other offenses, the defendant received consecutive sentences for criminal trespass and retail theft.

¶ 13    The appellate court held that section 5-8-4(d)(8) did not apply, given that the information charging the defendant with burglary was filed after the criminal trespass occurred. *Id.* ¶ 21.

The court noted that, although the record contained an appearance bond dated October 4, an appearance bond was not a charging instrument. *Id.* The court also noted that the appearance bond indicated that the defendant was charged only with misdemeanor retail theft. *Id.* The court did cite *Herndon* for the proposition that a felony can be charged only by indictment or information (*id.*), but given that no felony charge was pending, the reference to *Herndon* was unnecessary to the resolution of the issue.

¶ 14　In *Johnson*, the defendant had not been charged with a felony at all when he committed the second offense. Here, by contrast, defendant was clearly charged with a felony when he engaged in the calculated criminal drug conspiracy. Moreover, defendant was aware of the pending felony charge, as on August 15, 2014, the trial court advised him of it.

¶ 15　The judgment of the circuit court of Boone County is affirmed. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2016); see also *People v. Nicholls*, 71 Ill. 2d 166, 178 (1978).

¶ 16　Affirmed.