THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
TOM BROOKS, Defendant-Appellant.

Fifth District   No. 77-465

Opinion filed July 31, 1979.

Michael J. Rosborough and Rafael Schwimmer, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Howard L. Hood, State's Attorney, of Murphysboro (Raymond F. Buckley, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Defendant-appellant Tom Brooks was convicted in the Circuit Court of Jackson County of the delivery of more than 30 but not more than 500 grams of a substance containing cannabis in violation of section 4(d) of the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 704(d)). He

was sentenced to serve one year's probation, pay a $100 fine, and make restitution in the amount of $60. On appeal he raises two issues: whether his felony conviction can stand where the offense was charged by complaint rather than by indictment or information, and whether his right to self-representation was abridged where the trial court denied his request to proceed *pro se* at his preliminary hearing.

A verified complaint was filed on January 31, 1977. At this initial appearance the defendant told the court that he would seek to retain private counsel. The preliminary hearing was set for February 17, 1977. On that date the defendant appeared, again without counsel, and requested the appointment of the public defender, which request was granted. The defendant then informed the court that he would like to go ahead and proceed with the preliminary hearing that day. The court apprised the defendant of his right to counsel at the preliminary hearing, and the defendant stated that he did not believe that he needed counsel "at this present time." Upon the prosecutor's stating that he was not opposed to a continuance, the court continued the matter, stating that it was doing so in the interest of justice so that the defendant's appointed attorney could properly prepare his defense. The defendant's request to represent himself was not renewed in the presence of counsel at the subsequent preliminary hearing, nor did he express the desire to represent himself at trial.

At trial, immediately after the testimony of the State's first witness, the defendant moved to dismiss the charge, alleging that the commencement of a felony prosecution by complaint is not authorized by section 111—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—2). The motion was denied, as was a similar motion in arrest of judgment filed after trial.

■■ We do not think that the court committed reversible error by continuing the preliminary hearing so that appointed counsel could be present. *Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525, cited by the defendant, does not control here. In *Faretta*, the defendant had clearly and unequivocally declared to the trial judge, weeks before trial, that he wanted to represent himself and did not want counsel. The Supreme Court held that the denial of Faretta's request was reversible error, violating his constitutional right to conduct his own defense at trial.

The defendant's statement in this case that he did not believe that he needed counsel at that time was not an unequivocal demand to represent himself; it would appear that his purpose was simply to avoid a continuance. As the request was never renewed nor raised in the defendant's motion for a new trial, we deem this issue waived.

■ We also hold that the trial court was correct in ruling that the

defendant, by failing to file a timely pretrial motion, waived any error possibly created by his being prosecuted by way of a complaint. Section 114—1(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 114—1(b)) provides that any motion to dismiss a charge not filed within a reasonable time after the defendant's arraignment shall not be considered by the court, and the grounds therefore are waived, except where the court in which the charge has been filed does not have jurisdiction or the charge does not state an offense. Clearly, the complaint here stated an offense, and the defendant does not contend otherwise. Nor was there a lack of jurisdiction; the jurisdiction of circuit courts in criminal cases is not conferred by charging instrument, but rather by express constitutional and statutory provisions. *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456.

■■ The defendant's stratagem in waiting until jeopardy had attached to file his motion to dismiss the charge is not approved by this court. As we said in *People v. Lyons* (1975), 26 Ill. App. 3d 193, 199, 324 N.E.2d 677, 681: "A trial is not a game to be played for a prize based on the dexterity and nimbleness of the players. It is a serious attempt to seek justice both for the accused and society."

The defendant was not prejudiced in any way by the State's failure to file an information. He was accorded all the rights to which he would have been entitled had he been prosecuted by information or indictment. He had ample opportunity to file a pretrial motion to dismiss the charge. He received a fair trial, and there is no need to reverse his conviction.

For the foregoing reasons, the judgment and sentence of the Circuit Court of Jackson County are affirmed.

Affirmed.

KARNS and JONES, JJ., concur.