THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MARCELINO TOMAS *et al.*, Defendants-Appellants.

Fifth District   No. 5—83—0722

Opinion filed August 19, 1985.—Rehearing denied September 3, 1985.

Randy E. Blue and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellants.

John R. Clemons, State's Attorney, of Murphysboro (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE JONES delivered the opinion of the court:
The instant case is one of first impression in Illinois involving the issue of whether the non-English-speaking defendants were deprived of their rights to effective assistance of counsel and to be present and participate at their trial when the trial court used their court-appointed interpreter to translate the proceedings at trial rather than appointing a second interpreter for that purpose. The defendants contend that this action by the trial court was improper in that it prevented them from communicating with counsel during trial when the interpreter was engaged in translating testimony for the court. We affirm.

On July 6, 1983, the defendants, Marcelino Tomas and Luis Sanchez, were charged by information in Jackson County with the offenses of rape, unlawful restraint and battery. On July 7, 1983, defense counsel filed a motion to appoint a translator, alleging that the

defendants were migrant farm workers from Mexico and that neither of them could speak or understand the English language. The court granted the motion and appointed Frank Pereira, who had served as interpreter at the defendants' first appearance, to assist in the defense of the case.

At the beginning of the defendants' preliminary hearing on July 19, 1983, defense counsel stated, in response to the court's inquiry, that Mr. Pereira had done no work for the defendants other than translating their conversations with counsel. The court then stated:

> "In view of his skill that he's demonstrated at the previous hearing, I would like to pre-empt his services for the court. I'm sure that even if you did use him for your purposes, he would be merely a translator and not a partisan, or I could make him—I could convince him that that's what his role would be without any difficulty ***."

Defense counsel agreed that this was in keeping with her intentions regarding Mr. Pereira's services if the case should proceed beyond preliminary hearing.

During the hearing Mr. Pereira translated the proceedings, including the questions to and answers of the sole, complaining witness, from English into Spanish for the defendants. Following this testimony the court found probable cause to sustain the charges against the defendants. Mr. Pereira was again present to translate the proceedings from English into Spanish and from Spanish into English at the defendants' arraignment on July 28, 1983, at a pretrial conference on August 23, 1983, and at a hearing on defendant Tomas' motion to suppress on August 26, 1983.

Prior to the *voir dire* examination of prospective jurors on August 31, 1983, the court explained that Mr. Pereira would translate the proceedings for the benefit of both the defendants and the court, noting that "he [Mr. Pereira] is seated at the table next to the defendants for their convenience, but he is an officer of the court, my representative." At the defendants' jury trial the following day, the court "[a]gain remind[ed] the jurors that Mr. Pereira *** is an officer of the court [and] is seated at the defense table merely as a convenience to the court and to the defendants. He is not employed by the defendants."

During both *voir dire* examination and the trial itself, Mr. Pereira continued the previous procedure of translating all questions and answers as they were given from English to Spanish or from Spanish to English as required. In addition to the other evidence presented, the jury heard testimony from two of the defendants' co-workers, who

testified in Spanish. Prior to their testimony the court observed that since their testimony would be in Spanish, "the interpreter [would] be interpreting for us, rather than for the defendants."

During trial the court repeatedly cautioned both counsel and witnesses to allow time for translation, and Mr. Pereira on several occasions asked for questions to be repeated so that he could translate them. At one point during the complaining witness' testimony, the court ordered a break in the testimony for the interpreter to converse with the defendants, and on another occasion the court ordered a recess at Mr. Pereira's request so that he could converse with the court outside the jury's hearing. At the request of the defendants' counsel, neither counsels' opening statements nor their arguments during trial were translated. While counsels' closing arguments were likewise not translated, the court directed Mr. Pereira to take notes during the arguments so that he could summarize them for the benefit of the defendants.

The jury found the defendants guilty of all three charges, and the defendants were subsequently sentenced to concurrent terms of ten years' imprisonment for rape, three years' imprisonment for unlawful restraint, and 364 days' imprisonment for battery.

On appeal from their convictions the defendants contend that the trial court erred in not appointing a second interpreter to assist the defendants during trial when the court "borrowed" their interpreter to translate the trial proceedings. The defendants assert that the court's failure to do so prevented them from communicating with their attorney during substantial portions of the trial—namely, the examination of witnesses—in violation of their constitutional rights to be present at and participate in their trial. The defendants urge this court, therefore, to follow the California decisions of *People v. Aguilar* (1984), 35 Cal. 3d 785, 677 P.2d 1198, 200 Cal. Rptr. 908, and *People v. Romero* (1984), 153 Cal. App. 3d 757, 200 Cal. Rptr. 404, where, in similar situations, it was held that the use of one interpreter to translate both for the defendant and for prosecution witnesses violated the defendant's State constitutional right to an interpreter throughout trial.

As indicated above, we are aware of no Illinois case that has addressed the issue of the right of a non-English-speaking defendant to the exclusive use of an interpreter during trial. While the decided cases from other jurisdictions have recognized that a defendant's right to confront his accusers, to cross-examine witnesses and to the assistance of competent counsel are all jeopardized if he cannot understand the language of the court, witnesses and counsel (*United States*

*ex rel. Negron v. New York* (2d Cir. 1970), 434 F.2d 386; *Martinez v. State* (Ind. App. 1983), 449 N.E.2d 307), no case has been cited in which the use of a single interpreter to translate the entire proceeding against a defendant was held to be a deprivation of those rights. Rather, we believe the procedure employed here to translate for the defendants during trial was sufficient to safeguard the rights in issue and to afford the defendants a fair trial.

In the instant case the interpreter, Mr. Pereira, was present in court during the entire proceeding to translate English testimony into Spanish for the defendants and Spanish testimony into English for the court, jury and counsel. This translation was simultaneous with the testimony and verbatim. (*Cf. United States ex rel. Negron v. New York* (2d Cir. 1970), 434 F.2d 386 (defendant denied constitutional right of confrontation where interpreter merely provided defendant with periodic summaries of the testimony).) From the record it appears that Mr. Pereira was seated beside the defendants at counsel table and was thus available to them for consultation with their attorney. (*Cf. People v. Romero* (1984), 153 Cal. App. 3d 757, 200 Cal. Rptr. 404 (defendant effectively denied right to interpreter where lone interpreter stood beside witnesses while translating testimony into English and defendant unable to communicate with attorney at counsel table).) While it is evident that Mr. Pereira could not translate discussions between the defendant and their attorney at the same time as he was translating witness testimony, neither could the defendants or their attorney listen to the testimony while conversing among themselves. The defendants could, however, and did on at least one occasion, interrupt the testimony in order to use Mr. Pereira's services to communicate with their attorney. Thus, we do not believe, under the facts of this case, that the interpreter's role in translating witness testimony in any way interfered with the defendants' immediate ability to understand the testimony and communicate with counsel so as to be present at and participate in the proceedings against them.

While the defendants' argument that they were denied proper access to an interpreter is couched in terms of "their" interpreter being used by the court as "its" interpreter, we regard this distinction to be largely semantical and of no import. The interpreter was appointed to assist the defendants in preparing for trial and to make the court proceedings known to them. He had no other part to play and was strictly a conduit of communication between the defendants and their attorney. Notwithstanding the court's reference to "borrowing" or "preempting" the defendants' interpreter to translate both pretrial

hearings and the trial itself, the court specifically indicated that Mr. Pereira was to continue to assist the defendants and their attorney in translating their conversations and in interviewing witnesses. Mr. Pereira's duties also included informing the defendants of in-court proceedings, and, so long as he continued to be available for such purposes, we see no error in his also so informing the court. We would observe, moreover, that the defendants point to no instance in which they were prejudiced because "their" interpreter also served the court, and the record fails to demonstrate any deprivation of substantial rights requiring reversal.

The California cases cited by the defendants, *People v. Aguilar* and *People v. Romero*, involving similar situations in which the courts held that two interpreters, a "defense" interpreter as well as a "proceedings" or "witness" interpreter (see *People v. Aguilar* (1984), 35 Cal. 3d 785, 790, 677 P.2d 1198, 1201, 200 Cal. Rptr. 908, 911), were necessary for non-English-speaking defendants, are distinguishable from the instant case in that those decisions involved the interpretation of a State constitutional provision not at issue here. The California constitutional guarantee of the right to an interpreter "throughout the proceedings" (Cal. Const. art. I, sec. 14) was held to require "nothing short of a sworn interpreter at defendant's elbow" at all times during the proceeding. (*People v. Aguilar* (1984), 35 Cal. 3d 785, 791, 677 P.2d 1198, 1202, 200 Cal. Rptr. 908, 912, quoting *People v. Menchaca* (1983), 196 Cal. App. 3d 1019, 194 Cal. Rptr. 691; *People v. Romero* (1984), 153 Cal. App. 3d 757, 761, 200 Cal. Rptr. 404, 406.) These decisions, however, were not premised upon the Federal constitutional right to be present at trial, and, indeed, the *Meta Aguilar* court, quoting *People v. Chavez* (1981), 124 Cal. App. 3d 215, 221, 177 Cal. Rptr. 306, 310, noted that "prior to the 1974 amendment of article I, section 14, an interpreter was only required wherever it was 'necessary' as a matter of due process *** [whereas that article] now grants a non-English speaking defendant the distinct right to an interpreter 'throughout the proceedings.' " *People v. Aguilar* (1984), 35 Cal. 3d 785, 791, 677 P.2d 1198, 1202, 200 Cal. Rptr. 908, 912.

No such "distinct right" is present here, as the Illinois statute regarding the appointment of interpreters provides merely for the appointment of an interpreter "whom [the defendant] can understand and who can understand him" (Ill. Rev. Stat. 1983, ch. 38, par. 165—11) and states that the interpreter shall be sworn to translate "all questions propounded or answers given as directed by the court" (Ill. Rev. Stat. 1983, ch. 38, par. 165—12). As discussed previously, we believe the procedure followed in the instant case was sufficient to sat-

isfy the Federal constitutional requirements that the defendants understand and have the opportunity to participate in the proceedings against them, and we accordingly decline to follow the California rule requiring two or more interpreters at trial.

For the reasons stated, we affirm the defendants' convictions in the circuit court of Jackson County.

Affirmed.

KASSERMAN and WELCH, JJ., concur.