## S08A1811. HUNG v. THE STATE.
### (671 SE2d 811)

THOMPSON, Justice.

This is the second appearance of this case in this Court. Previously, we affirmed defendant's conviction and remanded with direction for the trial court to consider defendant's claims of ineffective assistance of counsel. *Hung v. State*, 282 Ga. 684 (653 SE2d 48) (2007). Following a hearing, the trial court denied defendant's ineffective assistance claims. This appeal followed. After reviewing defendant's claims, we affirm.

Pursuant to *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984) and *Smith v. Francis*, 253 Ga. 782, 783-784 (1) (325 SE2d 362) (1985):

> To succeed on an ineffective assistance of trial counsel claim, [defendant] must show that his trial counsel rendered constitutionally-deficient performance and that actual prejudice of constitutional proportions resulted. To show sufficient prejudice, [defendant] must show that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

(Citation and punctuation omitted.) *Hall v. Brannan*, 284 Ga. 716, 718 (670 SE2d 87) (2008).

1. In his first enumeration of error, defendant asserts trial counsel rendered ineffective assistance because she failed to make a written request to charge on the lesser included offense of voluntary manslaughter. We disagree.

> If the asserted error of failure to charge the jury on the principle of voluntary manslaughter is properly preserved at the trial level and presented on appeal the question for the appellate court is whether there is *any evidence* of voluntary manslaughter. [Cit.] That is not the test when a challenge to a conviction is based on ineffective assistance of counsel indirectly raising the question whether it was error not to charge voluntary manslaughter. When the asserted

error of failure to charge voluntary manslaughter is one step removed through the vehicle of a claim of ineffective assistance of counsel the test is whether, absent the error of counsel, there is a *reasonable probability* the jury would have reached a verdict of guilty of voluntary manslaughter. When reached directly the test is the any evidence rule. When reached indirectly through a claim of ineffective assistance of counsel the test is reasonable probability.

*Wadley v. State,* 258 Ga. 465, 466 (2) (369 SE2d 734) (1988).

Pursuant to OCGA § 16-5-2 (a), voluntary manslaughter occurs where one

causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person; however, if there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, of which the jury in all cases shall be the judge, the killing shall be attributed to deliberate revenge and be punished as murder.

The evidence in this case demonstrated that the victim and defendant were in rival gangs; that the victim and others drove into an apartment complex to pick up a friend; that an occupant in the victim's vehicle poked a gun out of a window; and that defendant and his co-defendant shot at the vehicle, killing the victim and wounding others. This evidence is insufficient to establish a reasonable probability that the jury would have found defendant guilty of voluntary manslaughter. *Wadley v. State,* supra.

2. Defendant's assertion that trial counsel was ineffective because she failed to request time[1] to consult with him concerning the exercise of peremptory strikes is without merit. Defense counsel did make a request for time, and her request, which was made off the record, was denied. When defense counsel subsequently attempted to put her request on the record, the trial court observed: "I gave you time just before we talked to the last three [veniremen], and you had at least 15 minutes then." Thus, the record reflects that counsel requested time to consult with defendant regarding jury selection,

---

[1] Uniform Superior Court Rule 11 provides, in part: "After completion of the examination of jurors upon their voir dire, the parties and their counsel shall be entitled, upon request, to 15 minutes to prepare for jury selection."

and that counsel and defendant had an opportunity to consult with one another. Under these facts, defendant has not shown deficient performance nor prejudice based on defense counsel's conduct.

3. During trial, Thac Thine Le, a co-defendant, testified that he was at a church at the time of the crimes. On cross-examination, the prosecutor asked him whether defendant was with him at the church. Le replied negatively. Then the prosecutor asked if defendant and Le were together at the scene of the crime. Again, Le answered in the negative. Defense counsel did not interpose an objection to these questions. Later, during closing argument, the prosecutor stated, "even Thac Le didn't say Hung Mac wasn't there." Again, defense counsel did not object.

Defendant contends trial counsel was ineffective for failing to object to the questions posed to his co-defendant and the prosecutor's closing argument. In this regard, defendant posits that, through his questions and comments, the prosecutor improperly gave the jury the impression that defendant was unable to produce an alibi witness. Defendant is reading too much into the prosecutor's questions, the co-defendant's answers, and the prosecutor's closing comments. Contrary to defendant's assertions, the prosecutor did not ask Le if defendant could provide an alibi. He simply asked if defendant and Le were together at the church, or the place of the shooting, at the time in question. These questions were within the ken of Le and were not objectionable. As for the prosecutor's closing argument, we deem it to have been a permissible comment on Le's testimony. See *Sinkfield v. State*, 266 Ga. 726, 728 (5) (470 SE2d 649) (1996).

4. Next, defendant argues that his trial counsel was ineffective because she failed to insist upon separate interpreters for defendant and Le. In this respect, defendant points out that he and Le each wore headsets to listen to a simultaneous translation provided by a single interpreter. Continuing the argument, defendant maintains that the headset interfered with his ability to communicate with trial counsel during the proceedings. However, nothing in the record demonstrates that defendant's rights were impinged by the use of a single interpreter. See *People v. Tomas*, 484 NE2d 341, 343 (Ill. App. 1985) (use of single interpreter for defendants was sufficient to safeguard right to fair trial).

> The California cases cited by [defendant], *People v. Aguilar*[, 35 Cal.3d 785 (677 P2d 1198) (1984)] and *People v. Romero*, [153 Cal.App.3d 757 (200 Cal.Rptr. 404) (1984)] involving similar situations in which the courts held that two interpreters, a "defense" interpreter as well as a "proceedings" or "witness" interpreter . . . were necessary for non-English-

speaking defendants, are distinguishable from the instant case in that those decisions involved the interpretation of a State constitutional provision not at issue here.

*People v. Tomas,* supra at 344.

5. The venire jury panel included a full-time law enforcement officer. The officer was removed from the panel; but the record does not reflect whether he was removed for cause or whether defendant was forced to exercise a peremptory strike. At the hearing on the motion for new trial, defendant's counsel stated that she could not recall whether the officer was removed for cause. However, the trial judge stated that the juror was stricken for cause upon the motion of either defendant's counsel or co-defendant's counsel. Given this state of the record, it cannot be said that defense counsel rendered ineffective assistance by failing to challenge the officer for cause. See *Hall v. State,* 202 Ga. 619, 620 (2) (44 SE2d 234) (1947) (burden is upon the party asserting error to show it affirmatively by the record).

6. Finally, defendant contends his trial counsel's performance was deficient because she failed to urge the trial court to make inquiries when a juror wrote a note to the court stating that he could not concentrate because his wedding date was approaching.[2] We disagree. The jury rendered its unanimous guilty verdict the day after the juror sent the note, and the juror confirmed during the polling of the jury that he voted to find defendant guilty.[3] Even if we were to find that trial counsel's performance was deficient in this regard, it cannot be said that there is a reasonable probability that the outcome of the trial would have been different.

7. Looking at the record in this case, it is clear that defendant has not met his burden of showing ineffective assistance of counsel under *Strickland v. Washington,* supra, and *Smith v. Francis,* supra. It follows that the trial court did not err in denying defendant's motion for new trial on these grounds.

*Judgment affirmed. All the Justices concur, except Hunstein, P. J., who concurs in judgment only as to Division 4.*

DECIDED JANUARY 12, 2009.

*Brian Steel,* for appellant.

---

[2] The trial court stated that it would not respond to the note, which was put in the record.

[3] The juror was to be married nine days later.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Mary N. Kimmey, Assistant Attorney General,* for appellee.