Second Division
Filed: December 8, 2009

No. 1-08-1470

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | APPEAL FROM THE |
| | ) | CIRCUIT COURT OF |
| Plaintiff-Appellee, | ) | COOK COUNTY |
| | ) | |
| v. | ) | No. 07 CR 17397 |
| | ) | |
| EMILIO GORGA, | ) | HONORABLE |
| | ) | SHARON M. SULLIVAN, |
| Defendant-Appellant. | ) | JUDGE PRESIDING. |

JUSTICE HOFFMAN delivered the opinion of the court:

Following a bench trial, the defendant, Emilio Gorga, was found guilty of robbery and sentenced to 8 1/2 years' incarceration. The defendant now appeals and requests that we reverse his conviction and grant him a new trial, contending that the trial court erred 1) when it refused his request to represent himself and 2) when it allowed an ineffective interpreter to participate in the trial proceedings. For the reasons which follow, we affirm.

On August 9, 2007, at approximately 7:25 p.m., Vincent Ramirez was waiting for a bus when two men approached him. One of the men, who was later identified as the defendant, was of Hispanic descent. The other individual, subsequently identified as the co-

defendant, Alpha Traore, was an African American. The men pushed Ramirez against the wall of a viaduct and started going through his pockets. According to Ramirez, Traore took $23 from his wallet. After the defendant returned Ramirez's wallet and cell phone, the men fled.

At the time of the robbery, Jose Luque was driving in the vicinity. When he observed the incident, he got out of his car and watched from a distance of about five or six feet. After the robbers fled, Luque approached Ramirez and signaled two uniformed police officers, Kurt Catalan and Steve Chon, who were driving in a passing police car.

Ramirez told the officers that he had just been robbed and that during the robbery he felt a hard object which he thought was a gun. Ramirez got into the police car and drove with the officers in the direction that the robbers had fled. Luque followed in his own vehicle. After traveling several blocks, Ramirez saw the men who had robbed him walking down the street. At that time, the police took the defendant and Traore into custody. Once the men were in custody, both Ramirez and Luque identified the defendant and Traore as the two individuals who had robbed Ramirez. When arrested, Traore was in possession of $20, and the defendant had a toy gun.

Initially, the defendant asserted that he had done nothing.

However, it was stipulated that, if called, Detective Hillman would testify that, after he advised the defendant of his constitutional rights, the defendant told him that it was Traore's idea to find someone to rob because they were broke and that he just stood by and watched Traore rob Ramirez. The defendant and Traore were charged with aggravated robbery.

The defendant waived his right to a jury trial, and a bench trial commenced on January 24, 2008. The defendant was represented by an assistant public defender, and the trial court appointed a Spanish language interpreter to assist the defendant. The State presented the testimony of Ramirez, Luque, Officer Catalan, and Officer Chon. Ramirez testified using the same interpreter who had been appointed to assist the defendant. During the course of the trial, both Ramirez and Luque identified the defendant as one of the men who had robbed Ramirez.

Following the close of the State's case, the defendant moved for a directed finding of not guilty which was denied. After conferring with the defendant, defense counsel informed the trial court that the defendant would not be testifying on his own behalf. Thereafter, the trial court asked the defendant whether he wished to testify. The defendant responded that he did not. After the trial court informed him that, if he did not testify, he would not have another opportunity to do so, the defendant requested to speak

3

with his attorney again. After a discussion with his attorney, the defendant again waived his right to testify. The defense then rested without calling any witnesses. Following closing arguments, the defendant was found guilty of robbery and not guilty of aggravated robbery.

The defendant filed a motion for a new trial asserting in general terms that: the State had failed to prove him guilty beyond a reasonable doubt, the finding of guilty is against the manifest weight of the evidence, he was denied his constitutional rights of due process and equal protection, the State failed to prove the material allegations of the charge against him beyond a reasonable doubt, and he did not receive a fair and impartial trial. The trial court denied the motion on February 22, 2008. Although a sentencing hearing was commenced, the matter was continued to allow the State time to obtain a certified copy of a conviction which appeared on the defendant's presentence investigation report.

On April 8, 2008, the defendant attempted to file several hand written pro se motions for a new trial. Those motions argued, inter alia, that the statute providing for extended term sentences is unconstitutional and that his attorney improperly advised him not to testify on his own behalf. The defendant's attorney informed the court that the defendant was claiming that he was denied his right to testify and that "he wanted to tell *** his

4

side of the story." The trial court continued the case in order to obtain a transcript of that portion of the trial when the defendant waived his right to testify.

On May 5, 2008, the defendant's attorney stated that he was filing a motion to reopen the defendant's case-in-chief, representing to the court that the defendant wished to testify on his own behalf and that he did not understand that he could testify without the approval of his attorney. The defendant's attorney also informed the court that the defendant no longer wished to be represented by him and that the defendant wished to represent himself. Thereafter, the trial court questioned the defendant concerning his request to represent himself.

Responding to the court's questions, the defendant stated that he no longer wanted to be represented by the assistant public defender because he refused to present several motions which the defendant wanted filed; primarily, a motion addressing the constitutionality of the statute providing for extended term sentences. He also expressed displeasure with the representation he had received from the assistant public defender, specifically complaining of the advice he had been given not to testify on his own behalf. The defendant told the trial judge that he spoke English "a little bit." In response to the trial judge's questions concerning the level of his education, the defendant stated that he

5

was able to read and write and that he had gone to the 6th grade in Cuba. The defendant denied ever having been treated for a psychiatric illness and denied that he was taking any psychiatric medication. The trial judge examined the hand written motions which the defendant wished presented and found them to be unintelligible. She questioned the defendant concerning the motions. He admitted that he had not prepared the motions, although he had signed them. When the trial judge asked the defendant about the content of the motions, she could not follow what he was saying. Following her examination of the defendant, the trial judge denied his motion to represent himself and ordered that the assistant public defender continue representing the defendant.

The assistant public defender reiterated his request that the trial court reopen the case and allow the defendant the opportunity to testify on his own behalf. He asserted that it was the defendant's contention that he had not understood what it meant when he waived his right to testify. Defense counsel told the court that the defendant "thought because I advised him not to, that meant he couldn't. I think he chooses not to follow my advice and step up on the stand and testify on his own behalf." The State objected. Nevertheless, the trial judge allowed the defendant to reopen the case and testify because of her belief that the

6

defendant may not have fully understood that he was not required to follow his attorney's advice against testifying.

The defendant took the stand and denied that he took part in the robbery. He claimed that Traore surprised him when he robbed Ramirez. The defendant also denied telling the police that it was Traore's idea to rob Ramirez because they were broke. The defendant testified that he told Traore not to take Ramirez's money and that it was he that gave Ramirez back his wallet and cell phone. According to the defendant, the toy pistol found in his pocket by the police was a birthday present intended for his girlfriend's son.

In rebuttal, the State introduced a stipulation that, if called, Detective Hillman would testify that, after advising the defendant of his constitutional rights, the defendant stated that it was Traore's idea to find someone to rob because they were broke and that he just stood by watching while Traore robbed Ramirez. The State also introduced certified copies of the defendant's prior convictions for theft, theft by deception, and retail theft.

Following a second round of closing arguments, the trial court again found the defendant guilty of robbery and sentenced him as a Class X offender to an extended term of 8 1/2 years' incarceration followed by a term of 3 years' supervised release. The defendant moved the court to reconsider the sentence. That

No. 1-08-1470

motion was denied, and this appeal followed.

For his first assignment of error, the defendant argues that he was deprived of his sixth amendment (U.S. Const., amend. VI) right to self-representation when the trial court denied his request to discharge his attorney and proceed pro se. He contends that, when he requested to discharge his attorney and represent himself, he did so knowingly, intelligently, and with full awareness of both the right being abandoned and the consequences of his decision to proceed pro se. See People v. Lego, 168 Ill. 2d 561, 563-65, 660 N.E.2d 971 (1995). The defendant concludes, therefore, that the trial court abused its discretion when it denied his request to represent himself. We disagree.

A criminal defendant's right of self-representation is embodied in the sixth amendment to the United States Constitution. Faretta v. California, 422 U.S. 806, 821, 45 L.Ed.2d 562, 574, 95 S.Ct. 2525, 2534 (1975). Article I, section 8 of the Illinois Constitution has a similar provision that guarantees an accused the same right. Ill. Const. 1970, art. I, §8; People v. Leeper, 317 Ill. App. 3d 475, 480, 740 N.E.2d 32 (2000). The erroneous denial of a defendant's request to represent himself is a structural defect that defies a harmless-error analysis and requires a per se reversal. People v. Bingham, 364 Ill. App. 3d 642, 648-50, 847 N.E.2d 903 (2006). However, the constitutional right of self-

8

No. 1-08-1470

representation is not absolute and may be forfeited if the defendant cannot make a knowing and intelligent waiver of counsel (People v. Rohlfs, 368 Ill. App. 3d 540, 545, 858 N.E.2d 616 (2006)) or if the defendant's request to represent himself is untimely (People v. Burton, 184 Ill. 2d 1, 24, 703 N.E.2d 49 (1998)).

Assuming for the sake of analysis that the defendant's request to proceed pro se in this case was knowingly and intelligently made, the question remains as to its timeliness. The timing of a defendant's request to represent himself is significant. Burton, 184 Ill. 2d at 24. Court's have held that such a request is untimely when it is first made after the trial or meaningful proceedings have begun. Burton, 184 Ill. 2d at 24; Leeper, 317 Ill. App. 3d at 481.

In the instant case, the defendant's request to discharge his attorney and proceed pro se came very late in the proceedings. When the request was first made, the defendant had already been found guilty and his original motion for a new trial had been denied. Pending was his attorney's request to reopen the defendant's case-in-chief to permit the defendant to testify on his own behalf.

The decision of whether to grant or deny a criminal defendant's request to represent himself is a matter committed to

9

No. 1-08-1470

the sound discretion of the trial court, and its ruling in such a matter will not be disturbed on review unless that discretion has been abused. Burton, 184 Ill. 2d at 24-25; Rohlfs, 368 Ill. App. 3d at 545. In this case, we find no abuse of discretion. At the time that the defendant first requested to represent himself, his appointed attorney had an intimate and lengthy involvement in the case, having represented the defendant throughout the trial and in his original post-trial motion. Simply put, the defendant's request to proceed pro se after he had already been found guilty came too late. Burton, 184 Ill. 2d at 24-25.

Next, the defendant argues that the trial court erred when it allowed an ineffective interpreter to participate in the trial proceedings. He also complains about the fact that the same interpreter was allowed to act both as his interpreter and the interpreter for the State's witnesses. In response, the State contends that the defendant has forfeited these issues by failing to raise any objection at trial or in his post trial motions. We agree with the State.

To preserve an issue for appellate review, a defendant must both object at trial and raise the issue in a written post-trial motion. People v. Bush, 214 Ill. 2d 318, 332, 827 N.E.2d 455 (2005); People v. Enoch, 122 Ill. 2d 176, 186, 522 N.E.2d 1124 (1988). In this case, the defendant neither raised the competency

10

of the interpreter or objected to the scope of the interpreters activities in the trial court, nor did he raise the issues in any of his post-trial motions. Consequently, he has forfeited the issues for purposes of this appeal. Bush, 214 Ill. 2d at 332; Enoch, 122 Ill. 2d at 186.

The defendant acknowledges that he has forfeited these issues by failing to object at the trial level or raise them in his post-trial motions. Nevertheless, he urges us to consider the issues under the plain-error doctrine. We decline to do so.

Plain errors or defects affecting substantial rights may be considered on appeal even if they were not brought to the attention of the trial court. 134 Ill. 2d R. 615(a). The plain-error doctrine bypasses normal forfeiture principles and allows a reviewing court to consider unpreserved errors "when either (1) the evidence is close, regardless of the seriousness of the error, or (2) the error is serious, regardless of the closeness of the evidence." People v. Herron, 215 Ill. 2d 167, 186-87, 830 N.E.2d 467 (2005). "In both instances, the burden of persuasion remains with the defendant." Herron, 215 Ill. 2d at 187.

Here, the defendant cannot satisfy the first prong of the plain-error doctrine because the evidence was not closely balanced. The defendant was identified by Ramirez, the victim, and Luque, the eye witness, both shortly after the incident and again in court.

11

No. 1-08-1470

Additionally, he was apprehended in the company of Traore a short distance from the place where Ramirez was robbed, and the defendant admitted to the police that Traore robbed Ramirez. The evidence of the defendant's guilt was overwhelming.

Second, we do not find that the alleged errors relating to the interpreter affected the fairness of the trial. The defendant's assertions that he was deprived of his right to confront witnesses because he could not fully understand the victim's testimony as it was translated is not supported by the record. The victim testified in Spanish, the defendant's primary language. Consequently, the defendant cannot claim that he did not understand what the victim was saying. As for the accuracy of the interpreter's translation, nothing in the record establishes that it was in any way inaccurate. It is true that, in his brief, the defendant points to two limited exchanges between the prosecutor and Ramirez which he claims represent mistranslations. However, we find nothing in the first exchange which suggests that the witness did not understand the question or that his answer was unresponsive. As for the second exchange consisting of four questions and answers, only the last answer appears to be somewhat unresponsive. This isolated unresponsive answer hardly evinces ineffective translation.

The defendant also claims that the trial court erred in

12

No. 1-08-1470

allowing the same interpreter to translate for him and the State's witnesses. He claims that he was entitled to a second interpreter to correct the mistakes of the interpreter translating the testimony of the State's witnesses and to allow his attorney to identify mistranslations. The flaw in the defendant's arguments in this respect is the absence of any evidence in the record that the interpreter made any material mistakes in translating. Absent evidence of a mistranslation in critical testimony, the defendant cannot establish any prejudice in the trial court's failure to employ two separate interpreters. See People v. Tomas, 136 Ill. App. 3d. 1054, 1056-59, 484 N.E.2d 341 (1985). See also Hung v. State, 284 Ga. 796, 798, 671 S.E.2d 811, 814 (2009); New Mexico v. Nguyen, 144 N.M. 197, 201, 185 P.3d 368, 372 (2008); but see People v. Romero, 153 Cal. App. 3d 757, 760, 200 Cal. Rptr. 404, 405-06 (1984).

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

THEIS and KARNEZIS, JJ., concur.

**REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT**
**(Front Sheet to be attached to Each Opinion)**

| | |
|---|---|
| **Please use the following form:**<br><br>**Complete**<br>**TITLE**<br>**of Case.** | **THE PEOPLE OF THE STATE OF ILLINOIS,**<br><br>    **Plaintiff-Appellee,**<br><br>  **v.**<br><br>**EMILIO GORGA,**<br><br>    **Defendant-Appellant.** |
| **Docket No.**<br><br>**Court**<br><br><br>**Opinion Filed** | **No.** _____**1-08-1470**_____<br><br>Appellate Court of Illinois<br>First District, **Second** Division<br><br>_____**December 8**_____**, 2009**<br>**(Give month, day and year)** |
| **JUSTICES** | **JUSTICE THOMAS E. HOFFMAN, J., delivered the opinion of the Court.**<br><br>**THEIS and KARNEZIS, JJ.**_____, concur[s].<br><br>_____, dissent. |
| **Appeal from the Circuit Court of Cook County; the Judge Presiding.** | Lower Court and trial Judge(s) in form indicated in margin:<br><br>Appeal from the Circuit Court of Cook County.<br><br>The Hon. _____**SHARON M. SULLIVAN**_____, Judge(s) Presiding. |
| **For Appellants, John Doe, of Chicago.**<br><br>**For Appellees, Smith & Smith, of Chicago.**<br><br>**Also add attorneys for third party appellants and/or appellees.** | **Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented.**<br><br>**FOR APPELLANT:** DePaul University College of Law, of Chicago. Professor Andrea Lyons, Associate Dean for Clinical Programs, of counsel.<br><br>**FOR APPELLEE(S):** Anita Alverez, Statre's Attorney, of Chicago. James E. Fitzgerald, Peter Fischer and Kathleen Warnick, Assistant State's Attorneys, of counsel. |

**(USE REVERSE SIDE IF NEEDED)**