2022 IL App (1st) 190569

No. 1-19-0569

October 21, 2022

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois |
| Plaintiff-Appellee, | ) | |
| | ) | No. 16 CR 8925 |
| v. | ) | |
| | ) | The Honorable |
| LEROY WILLIS | ) | Erica L. Reddick |
| | ) | Judge Presiding |
| Defendant-Appellant. | ) | |

JUSTICE WALKER delivered the judgment of the court, with opinion.
Justices Pucinski and Hyman concurred in the judgment.

**ORDER**

Held: The trial court abused its discretion by failing to address the defendant's request to proceed *pro se* at sentencing.

¶ 1     A jury found defendant Leroy Willis guilty of attempted armed robbery and aggravated battery, and the trial court sentenced him to 28 years in prison. On appeal, Willis argues that the trial court should have granted his request to represent himself at his posttrial motion hearing and that the court imposed an excessive sentence. We find that the trial court abused its discretion by

denying Willis's request to represent himself and that Willis is entitled to automatic reversal of his sentence. We vacate Willis's sentence and remand for new posttrial proceedings.

¶ 2                                    I. BACKGROUND

¶ 3      On May 22, 2016, Willis and Todd Light had an altercation on a bridge in Chicago. As a result of the incident, prosecutors charged Willis with the offenses of attempted armed robbery (720 ILCS 5/8-4, 18-2(a)(1) (West 2016)), aggravated battery (720 ILCS 5/12-3.05(f)(1) (West 2016)), and hate crime (720 ILCS 5/12-7.1(a) (West 2016)). The court appointed a public defender to represent Willis.

¶ 4      The transcript of a pretrial hearing in December 2017 shows the following:

> "THE DEFENDANT: *** I am going to fire [defense counsel]. I don't want him presenting me. I'm going to represent myself. ***
>
> *** This what I got in here so didn't nobody never hear my side of the story since I have been incarcerated so I'd rather go *pro se* with myself. I don't want him presenting me. I will represent myself.
>
> * * *
>
> THE COURT: All right. So, you have given me a lot of information but one of them is that you are currently receiving medications and you have also asked to not be represented by the Public Defender.
>
> THE DEFENDANT: Yeah, because in his defense he never -- he never -- everything got said is out the window. It's more what the state said. Anything I tell him he goes back and tell the state."

¶ 5 The court ordered a behavioral clinical examination for Willis, and a doctor found Willis fit to stand trial with his previously prescribed medications. Willis did not repeat his demand to act *pro se* after the clinical examination, and the public defender continued to represent Willis.

¶ 6 At trial, Light testified that after 11 p.m. on May 22, 2016, he paused on the bridge after working as a security guard, and Willis walked onto the bridge behind him. Willis demanded Light's wallet and stabbed Light, saying, "I hate white people." Light yelled, knocked Willis down, hit Willis repeatedly, and landed on top of Willis.

¶ 7 Kyle Rankin testified that he heard a man screaming for help and ran to the bridge. He saw Light on top of Willis and a knife lying several feet away. He flagged down a passing car whose driver called police. Rankin testified that he helped Light get up and he held Willis down while they waited for police.

¶ 8 Police inventoried the knife from the bridge. A fingerprint examiner testified that a partial print found on the knife matched the fingerprints of Willis.

¶ 9 Willis testified that Light and two other white men, obviously drunk, crossed the bridge while Willis crossed in the opposite direction. One of the men struck Willis, saying "You don't like white people." Willis fell and the three men kicked and punched him. Willis screamed for help. Light told the other men to "poke" Light – to stab him – so they could blame Willis for the attack. One of the men stabbed Light, who then laid on top of Willis. Willis did not see Rankin, who was not with the men who attacked Willis.

¶ 10 The jury found Willis guilty of attempted armed robbery and aggravated battery, but not guilty on the hate crime charge.

¶ 11    At a hearing on his motion for a new trial, the trial judge allowed Willis to speak on his concerns that he wrote in a letter. Willis stated:

> "I'm saying not out of anger, but since I've been here I been constantly asking you I want him fired. I want him fired. ***
>
> * * *
>
> *** I wanted to fire him. I don't want him to speak or do nothing for me.  No exceptions."

¶ 12    The trial judge responded:

> "[Willis] constantly wanted to fire his attorney. That has been said many times, but he chose not to. And to proceed. So that does not raise concerns for the court at this juncture."

¶ 13    Relying on Willis's criminal history and the threat of physical harm, the court sentenced Willis to a term of 28 years in prison on the attempted armed robbery conviction but imposed no sentence on the aggravated battery conviction.  Willis now appeals.

¶ 14                                II. ANALYSIS

¶ 15    Willis argues that the trial court's denial of his request to represent himself at the posttrial motion hearing deprived him of his constitutional right to self-representation and violated Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). Willis also contends that his 28-year sentence was excessive. We begin our review with an analysis of Willis's constitutional right to self-representation claim.

¶ 16                           Right to Self-Representation

¶ 17    As a preliminary matter, we note that Willis did not preserve this issue for appellate review. However, he asks that we review his constitutional right to self-representation claim under the plain error doctrine. Under the plain error doctrine, a reviewing court may consider an unpreserved error when a clear or obvious error occurred and (1) "the evidence is close, regardless of the seriousness of the error" or (2) "the error is serious, regardless of the closeness of the evidence." *People v. Herron*, 215 Ill. 2d 167, 187 (2005). We must first determine whether clear error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 18    Under the United States and Illinois constitutions, a defendant has the right to self-representation. U.S. Const., amends VI, XIV; Ill. Const. 1970, art. I, § 8; *Faretta v. California*, 422 U.S. 806 (1975). A defendant waives his right to self-representation unless he "articulately and unmistakably demands to proceed *pro se*." *People v. Burton*, 184 Ill. 2d 1, 22 (1998).  In order to exercise his right to self-representation, a defendant must knowingly and intelligently waive his constitutional right to counsel. *Faretta*, 422 U.S. at 835. Unless defendant's request was not made knowingly and intelligently, "the sixth amendment *** require[s] the court to honor his choice to represent himself, even if the choice was in all likelihood a disastrous one for the defense." *People v. Fisher*, 407 Ill. App. 3d 585, 590 (2011) (citing *People v. Ward*, 208 Ill. App. 3d 1073, 1080 (1991)).

¶ 19    "Waiver of counsel must be clear and unequivocal, not ambiguous." *People v. Gray*, 2013 IL App (1st) 101064, ¶ 23. To determine whether defendant's waiver is clear and unequivocal, a court considers the overall context of the proceedings. *People Mayo*, 198 Ill. 2d 530, 538 (2002) (citing *Burton*, 184 Ill. 2d at 22). "A court must determine whether the defendant truly desires to represent himself and has definitively invoked his right of self-representation." *Burton*, 184 Ill. 2d

at 22. For instance, our supreme court held that a defendant did not make a clear and unequivocal waiver of counsel where his desire to represent himself derived from his ability to access court records. See *Id.* at 24-25; see also *People v. Rainey*, 2019 IL App (1st) 160187, ¶¶ 52-64 (finding that defendant's request to proceed *pro se* was an attempt to delay his trial); *People v. Brooks*, 75 Ill. App. 3d 109 (1979) (finding that defendant did not make a clear and unequivocal waiver where his statement that he did not need counsel "at the present time" was made to avoid a continuance). Courts must " 'indulge in every reasonable presumption against waiver of the right to counsel." *Burton*, 184 Ill. 2d at 23 (quoting *Brewer v. Williams*, 430 U.S. 387, 404 (1977)).

¶ 20    Once a defendant makes a clear and unequivocal waiver of his right to counsel, "a reviewing court must determine whether there was an intelligent relinquishment or abandonment of a known right or privilege." *People v. Vanderweff*, 57 Ill. App. 3d 44, 49 (1978). More than a routine inquiry is required to make this determination. *Id.* A court's finding that a defendant's waiver was knowingly and intelligently made should be preceded by a careful inquiry by the court. *Id.* "Any waiver of counsel is carefully scrutinized '(b)ecause of the importance of the right to counsel in preserving the free exercise of other constitutional rights in the criminal process.' " *People v. Heral*, 62 Ill. 2d 329, 336 (1976). We review the trial court's denial of a request for self-representation for an abuse of discretion. *Burton*, 184 Ill. 2d at 25.

¶ 21    At the beginning of the hearing on the motion for a new trial, Willis clearly expressed his desire to end his attorney's representation: "I'm saying not out of anger, but since I've been here I been constantly asking you I want him fired. I want him fired." Willis also stated "I wanted to fire him. I don't want him to speak or do nothing for me. No exceptions." Willis's use of the past and present tense of the root word "want" reveals that he not only wanted to end his attorney's

representation at prior proceedings but also at the posttrial motion hearing. Moreover, the record is devoid of any evidence that Willis had a conditional willingness to represent himself. See *Burton*, 184 Ill. 2d at 24-25.

¶ 22    Willis's prior statements at the pretrial hearing further support that he made a clear and unequivocal request to waive counsel at the posttrial motion hearing. At the pretrial hearing, Willis stated, "*I am going to fire [defense attorney]*. I don't want him presenting me. *I'm going to represent myself. *** I'd rather go pro se with myself*. I don't want him presenting me. *I will represent myself.*" (Emphases added.) Willis continuously exercised his right to self-representation throughout his proceedings and revived his request at the posttrial motion hearing when he stated, "I want him fired" and "I don't want him to speak or do nothing for me. No exceptions." Considering the overall context of the proceedings, we find that Willis made a clear and unequivocal request to represent himself at the posttrial motion hearing.

¶ 23    Once a defendant makes a clear and unequivocal request to represent himself, the trial court must address the defendant's request to determine whether it was knowingly and intelligently made. *People v. Fisher*, 407 Ill. App. 3d at 590. Indeed, Supreme Court Rule 401(a), which governs the waiver of counsel, ensures "that a waiver of counsel is knowingly and intelligently made." Ill. S. Ct. R. 401(a) (eff. July 1, 1984); *People v. Campbell*, 224 Ill. 2d 80, 84 (2006). Rule 401(a) provides that, before permitting a defendant's waiver of counsel, a court must inform and determine if he understands three principles: (1) the nature of his charges, (2) the minimum and maximum sentence prescribed by law, and (3) his right to counsel. Ill. S. Ct. R. 401(a) (eff. July 1, 1984).

¶ 24 Here, the trial court never addressed Willis's request to determine if it was made knowingly and intelligently, either through general questioning or the Rule 401(a) admonitions. Instead, the trial judge interpreted Willis's statements as a reference to his prior request to waive counsel at his pretrial hearing and denied his request.

¶ 25 Relying on our supreme court's decision in *Burton*, the State argues that, even if Willis made a clear and unequivocal request to represent himself, his request was untimely. The State asserts that the trial court had discretion to outright deny Willis's untimely request without inquiring whether the request was knowingly and intelligently made. See *Burton*, 184 Ill. 2d 1 (1998). In *Burton*, the defendant argued that the trial court abused its discretion when it denied his request to represent himself during sentencing. *Id.* at 20. The defendant made his request "after the entry of his guilty plea and his death penalty eligibility hearing and during sentencing." *Id.* at 25. The supreme court stated that "[a] number of courts have held that a defendant's request is untimely where it is first made just before the commencement of trial, after trial begins, or after meaningful proceedings have begun." *Id.* at 24. Based on this proposition, the court held that, given the timing of the request, the trial court did not abuse its discretion by denying the defendant's request to represent himself. *Id.* at 25.

¶ 26 We find *Burton* distinguishable on this point. The *Burton* court cites various authority to support the proposition that a defendant's request is untimely when it is made after meaningful proceedings have begun. One case cited in *Burton*, *United States v. Oakley*, 853 F.2d 551, 553 (7th Cir. 1988), relies on *United States v. Lawrence*, 605 F.2d 1321 (4th Cir. 1979), which provides:

> "Once the trial has begun with the defendant represented by counsel, however, his right thereafter to discharge his lawyer and to represent himself is sharply curtailed.

There must be a showing that prejudice to the legitimate interests of the defendant overbalances *the potential disruption of proceedings already in progress*, with considerable weight being given to the trial judge's assessment of this balance." (Emphasis added.) *Lawrence*, 605 F.2d at 1324.

¶ 27 It follows that the purpose of timeliness, in the context of this case, is to prevent "the potential disruption of proceedings already in progress." See also *Ward*, 208 Ill. App. 3d at 1084 ("the request might come so late in the proceedings that to grant it would be *disruptive of the orderly schedule of proceedings*" (emphasis added)). The defendant in *Burton* made his request during sentencing thereby potentially causing a disruption in a proceeding already in progress. *Burton*, 184 Ill. 2d at 25. At that time, the defendant had participated in the first phase of sentencing, the death penalty eligibility hearing, and was entering the second phase, the presentation of aggravation and mitigation evidence. *Id.* at 9-10. Here, Willis made his request at the beginning of the posttrial motion hearing. Unlike *Burton*, the hearing was not already in progress, and there is no evidence that the request caused disruption of the hearing. Therefore, we reject the State's argument that Willis made an untimely request to represent himself. Accordingly, we hold that the court abused its discretion when it denied Willis's unequivocal request to represent himself.

¶ 28 Because we find that clear error occurred, we must determine whether the error requires reversal under the plain error doctrine. See *People v. Naylor*, 229 Ill. 2d 584, 603 (2008). Our supreme court equated the second prong of plain error review with structural error requiring automatic reversal. *People v. Glasper*, 234 Ill. 2d 173, 197-98 (2009). A violation of the right to self-representation is a structural error. *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991); *People*

*v. Gorga*, 396 Ill. App. 3d 406, 410 (2009). Thus, the trial court's denial of Willis's request to represent himself requires automatic reversal of his sentence and remand for new posttrial proceedings.

¶ 29    In light of our decision in this case, we need not address Willis's claim that he received an excessive sentence. We vacate Willis's sentence and remand for new posttrial proceedings.

¶ 30                                III. CONCLUSION

¶ 31    Because Willis clearly and unequivocally requested to represent himself at the posttrial motion hearing, the trial court abused its discretion when it denied his request without addressing whether it was knowingly and intelligently made thereby violating his constitutional right to self-representation.

¶ 32    Conviction affirmed. Sentence vacated, and cause remanded for new posttrial motion and sentencing hearings.